## AMERICAN TANK CO. et al. v. STATE INDUSTRIAL COM. et al.

No. 22661. Opinion Filed Nov. 17, 1931.

Keaton, Wells, Johnston & Barnes and B. C. Davidson, for petitioners.

J. L. Gowdy, for respondent C. A. Shott.

CULLISON, J. This is an original proceeding before this court to review an award of the State Industrial Commission made and entered July 10, 1931, in favor of the claimant, C. A. Shott.

The claimant was injured August 2, 1930, when a fire under a furnace blew out and inflicted burns upon his head, face, and feet. A hearing was had and the Commission entered its order and award in said cause on July 6, 1931, in favor of claimant. (R. 40, 41, 42) The record further shows that the parties hereto entered into a stipulation by the terms of which claimant had received $630 for temporary total disability resulting from said injury, from August 3, 1930, to April 8, 1931. (R. 2.)

It therefore follows that the question of temporary total disability is eliminated from this discussion. It should also be remembered that claimant on May 2, 1931,

filed a motion (which may be designated a claim) in which he says:

"Motion.

"Comes now the claimant, C. A. Shott, and for his motion to have this cause set for hearing for the determination of the extent of disability sustained by this claimant, alleges and states: * * * That claimant herein has suffered disability to both feet and both hands as well as permanent and serious scars upon his hands, neck, face, and head due to the burns received as described herein. That the disability complained of is permanent and the disfigurement described is permanent. * * *" (R. 6.)

No award for left foot was made by the Commission and no contention is raised by either party regarding the same.

At the close of the hearing, July 6, 1931, the Commission made the following finding of facts, conclusions of law, and order.

"Finding No. 3.

"That as a further result of said injury the claimant has sustained a permanent partial disab'lity of 10 per cent. of the right hand, 10 per cent. of the left hand, and 10 per cent. of the right ankle. * * *"

"Conclusion No. 2.

"The Commission is of the further opinion: That, under section 7290, par. 1, Compiled Oklahoma Statutes, 1921, as amended by the Session Laws of 1923, the loss of both hands constitutes a permanent total disability, for which compensation is provided under the law for a period of 500 weeks; that under section 7290, subsection 4 (should have been subsection 3), for percentage loss of use is provided for by that portion of the number of weeks as provided in the schedule for the loss of a member which the partial loss of use thereof bears to the total loss of use of such member, or loss of use of a hand; that 10 per cent. loss of use of the right hand and 10 per cent. loss of use of the left hand would be equivalent to the 10 per cent. loss of use of both hands, and the claimant is entitled, under the law, to compensation at the rate of $18 per week for a period of 50 weeks, or the sum of $900, and that under said section above quoted the claimant is entitled to 25 weeks for the 10 per cent. partial permanent disability to his right foot, as above set out, in the sum of $450, making a total period of 75 weeks in the aggregate sum of $1.350, compensation to be paid in monthly payments at the rate of $18 per week from the 8th day of April, 1931. * * *"

"Order No. 3.

"It is also ordered: That within 15 days from this date, the respondent or insurance carrier herein pay said claimant the sum of $231 permanent partial compensation from April 8 1931, to July 6, 1931, 12 weeks and 5 days at $18 per week, and that they continue said payments thereafter monthly at

the rate of $18 per week until a total of 75 weeks' compensation has been paid in the total sum of $1,350 on account of the ten per cent. loss of use of claimant's right hand, 10 per cent. loss of use of his left hand, and the 10 per cent. loss of use of his right foot by reason of said accidental injury. * * *"

Petitioners bring the case to this court for review. Petitioners assign two errors which they designate as propositions 1 and 2, both of which are in fact contained in the first proposition, which reads as follows (R. 10):

"Error of the Commission in holding that the loss of both hands constitutes permanent total disability for which compensation, is provided under the law, for a period of 500 weeks, and that section 7290, subsection 1 expresses the proper basis on which the percentage of loss is to be ascertained."

There has been much discussion by members of the legal profession as to the number of weeks which should be used as a basis in computing percentage allowed claimants in cases arising under the Workmen's Compensation Law where it appears that claimant has sustained a permanent partial disability to both hands, or feet, or legs, or eyes.

This court has many times held that: Under the Workmen's Compensation Act, there is a specific provision for the loss of one hand (subdivision 3, section 7290, C. O. S. 1921, as amended) and another for the loss of both hands (subdivision 1. sec. 7290, C. O. S. 1921, as amended). And where it appears the claimant has sustained a permanent partial disability to both hands, the award should be based upon subdivision 1, sec. 6, c. 61, Session Laws 1923, which relates to permanent total disability of the members. therein enumerated, which reads, in part:

"In case of total disability adjudged to be permanent, 66⅔ per centum of the average weekly wages shall be paid to the employee during the continuance of such total disability not exceeding 500 weeks."

See Maryland Casualty Co. v. State Industrial Commission, 139 Okla. 302, 282 P. 293; Capital Drilling Co. v. Cole, 143 Okla. 279, 288 P. 473; Oklahoma City v. State Industrial Commission, 147 Okla. 261, 298 P. 577; and many other cases.

This court in determining the number of weeks upon which an award should be based, holds: Where it appears the claimant has sustained a permanent partial disability to both hands, the percentage of loss to each hand, as determined by the Commission, should be added together, and divided by two; the quotient will be the percentage of the permanent partial disability sustained by claimant for the loss to both hands, on the basis of 500 weeks.

The compensation allowed by the Commission for permanent partial disability sustained by claimant to both hands based on 500 weeks is affirmed.

Petitioners further contend: "The award is erroneous in that it allows 10 per .cent. loss of use of claimant's right foot based on 250 weeks instead of 150 weeks." (B, paragraph 4, petitioners' brief.)

In the instant case, the Commission held: "That as a further result of said injury the said claimant has sustained a permanent partial disability * * * and 10 per cent. of the right ankle, * * * (Finding No. 3, R. 40.)

The Commission further held: "* * * And that under said section above quoted the claimant is entitled to. 25 weeks for the 10 per cent. permanent partial disability to his right foot * * *" (Conclusion No. 2, R. 41.)

The Commission held: "That as a further result of said injury the claimant sustained a permanent partial disability * * * and 10 per cent. of the right ankle * * *" (Paragraph No. 3 of the order, supra.)

And further held: "That under section 7290, paragraph 1, C. O. S. 1921, as amended, claimant was entitled to 25 weeks for 10 per cent. permanent partial disability to his right ankle (foot) in the sum of $450." (R. 41.)

Paragraph 3, section 7290, C. O. S. 1921, as amended, provides:

"In case of disability, partial in character but permanent in quality, the compensation shall be 66⅔ per centum of the average weekly wage and shall be paid to the employee for the period named in the schedule as follows: * * *"

The above subdivision provides: "66⅔% of the average weekly wages shall be paid to the employee for the period named in the schedule as follows: * * *" Subdivision 3 of paragraph 12, supra, reads as follows: "For the loss of a foot, 150 weeks."

It will be observed the provision above quoted provides compensation for the loss of a "foot" (one foot only). It has no reference to the loss or permanent partial disability to two feet * * * as provided in subdivision 1, section 7290, C. O. S. 1921, as amended, supra.

The statute specifically provides, where it appears that a claimant has sustained a permanent partial disability to a foot, compensation shall be based on 150 weeks. The

Commission in awarding claimant compensation for injury sustained to claimant's right ankle (foot), based its calculations on 250 weeks instead of 150 weeks.

The Commission found that claimant had sustained "a 10 per cent. loss to his right ankle (foot)." Under the Workmen's Compensation Law, as amended by chapter 61, Session Laws of 1923, the Commission should have based its calculations on 150 weeks instead of 250 weeks.

Ten per cent. of 150 weeks is equal to 15, which multiplied by $18 (per week) equals $270, the amount of compensation which should have been awarded by the Commission to the claimant for a permanent partial disability to his right ankle (foot).

Petitioners also contend that the amount allowed by the Commission is excessive. compensation of $900 for injury to his hands plus compensation of $270 for injury to his right ankle equals $1,170, the correct amount which should have been awarded to claimant for 10 per cent. permanent partial disability to both hands and one foot.

Where it appears claimant has sustained a permanent partial disability (injury) to one foot only, the Commission should base compensation on 150 weeks. The award of compensation by the Commission of $450 to the claimant for permanent partial disability (injury) sustained to his right ankle (foot) based on 250 weeks is contrary to law and excessive. The award of $450 by the Commission to the claimant for permanent partial disability (injury) to his right ankle (foot) is reversed, and case remanded, with directions to modify said award in keeping with this opinion.

It will be observed that petitioners raise no objection to that part of the order and award of the Commission ordering them to pay the claimant the lump sum of $150 on account of permanent and serious disfigurement of his face. Neither do they raise any question as to the Commission's awarding claimant temporary total compensation from August 2, 1930. to April 8, 1931, less the statutory 5-day waiting period, at $18 per week, being a total of 35 weeks, and the sum of $630.

Award sustained in part and reversed in part.

LESTER, C. J.. CLARK, V. C. J., and HEFNER, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. RILEY and ANDREWS, JJ., absent.

Note.—See under (1-3), annotation in 67 A. L. R. 786; 28 R. C. L. 820, 821; R. C. L. Perm. Supp. p. 6243; R. C. L. Pocket Part, title Workmen's Compensation, § 106. (4) L. R. A. 1916A, 266; L. R. A. 1917 D, 186; 58 A. L. R. 1382; 28 R. C. L. 828, 829; R. C. L. Perm. Supp. p. 6254; R. C. L. Pocket Part, title Workmen's Compensation, § 116.