## OLSON DRILLING CO. et al. v. WILLIAMS et al.

No. 27466.     Oct. 19, 1937.

Butler, Brown & Rinehart, for petitioners.

Fred M. Hammer, M. J. Parmenter, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding to review an award made to C. Williams, claimant, by the State Industrial Commission for permanent partial disability by reason of an accidental injury caused by burns. The parties will be referred to as petitioner and respondent. .

On the 27th day of August, 1936, the State Industrial Commission entered its order finding that respondent had sustained a 3 per cent. loss to his right hand; a 5 per cent. loss to his right leg; and a 3 per cent. loss to his left hand. It computed the disability at 4 per cent. on 500 weeks by adding 3 per cent. disability of the right hand to the 5 per cent. disability of the left leg. It then computed separately the 3 per cent. disability of the left hand as six weeks for the percentage of the loss of. the left hand. This is the sole complaint made by the petitioner.

This method of computation was approved by this court in Magnolia Pet. Co. v. Johns, 160 Okla. 221, 16 P. (2d) 858. Claimant therein had sustained a 20 per cent. loss to his leg, which was added to a 30 per cent. disability to his left hand which was divided by two. This made a 25 per cent. disability. This was computed for 500 weeks. A remaining 45 per cent. disability of the left hand was computed separately. This court said:

"In case of permanent partial disability of three specific members, the total permanent loss of any two of which would constitute permanent total disability, an award computed by the State Industrial Commission by taking the sum of the percentage of disability of the two members, the loss of the use of which, figured separately, would entitle the claimant to the least amount of compensation, and dividing same by two, to arrive at percentage of total disability on account thereof, and adding thereto the compensation allowed by law for the percentage of loss of the remaining member, will be sustained under the rule of liberal construction in favor of the injured employee."

In the body of the opinion, it is stated:

"Ordinarily, it would be supposed that disability percentage for two corresponding members would be first added as suggested and directed in the cases of American Tank Co. v. State Ind. Comm. et al., 153 Okla. 117, 5 P. (2d) 137, and Dolese Bros. Co. v. Roberts, 155 Okla. 198, 8 P. (2d) 756. such as where both arms or eyes are permanently injured. However, we are not prepared to hold that it is error to select the percentage of one corresponding member and compute it with a more distant member, as in the case at bar, and add percentage allowance for the remaining corresponding member."

We see no reason to change the rule therein announced.

This is the only alleged error in the award. The award is affirmed.

OSBORN, C. J., and PHELPS, CORN, GIBSON, and HURST, JJ., concur. BAYLESS, V. C. J., and RILEY, WELCH, and DAVISON, JJ., absent.