J. E. TRIGG DRILLING CO. et al. v. DANIELS et al.

No. 31054. Oct. 26, 1943.

Rehearing Denied Feb. 1, 1944.

Application for Leave to File Second Petition for Rehearing Denied Feb. 29, 1944.

*145 P. 2d 944.*

Tom Aggas, of Oklahoma City, for petitioners.

A. C. Hough, of Oklahoma City, for respondent Jim Daniels.

Mac Q. Williamson, Atty. Gen., and P. C. Lackey, Asst. Atty. Gen., for respondent State Industrial Commission of Oklahoma.

WELCH, J. The Industrial Commission awarded compensation for 250 weeks for total loss of an arm, and also awarded 150 weeks or 30 per cent of 500 weeks for permanent partial disability to the back under the "other cases" provision of 85 O. S. 1941 § 22, as amended in 1941.

Complaint is here made only as to the method of calculating the award.

Petitioners say:

"The chief complaint and contention of respondent and insurance carrier is that the Commission erred as a matter of law in that the computation of the disability to the back was based upon 500 weeks or a total permanent disability without taking into consideration the loss of the arm.

"It is the contention and position of respondent and insurance carrier that the Commission should have followed one of two methods in computing the permanent disability:

"First: Subtract the total loss of the arm, or 250 weeks from a total permanent, or 500 weeks, apply the determined 30% partial permanent disability to the remainder or 250 weeks, and add the result to the total loss of the arm.

"This would compute in the following manner

"500 weeks

"250 weeks total loss of arm.

"250 weeks × 30% equals 75 weeks partial permanent disability to the back.

"250 weeks plus 75 weeks equals 325 weeks, multiplied by the maximum rate of compensation or $18 per week would award the total amount to which claimant would be entitled to in this matter.

"Second. Add the disability to the arm, or 100% to the partial permanent disability to the back as determined by

the Commission or 30%, divide the result by 2, and compute on the basis of 500 weeks or a total permanent."

Concerning the first suggestion above noted. The object of the Workmen's Compensation Act is to compensate, within the limits of the act, for loss of earning power occasioned by injuries to the body, disabling one in the performance of ordinary manual or mechanical labor. United States Casualty Co. v. Steiger, 179 Okla. 407, 66 P. 2d 55, and cases therein.

The act arbitrarily provides for an award of 250 weeks for loss of an arm, leaving open no inquiry of fact in that regard. See discussion in Mudge Oil Co. v. Wagnon, 193 Okla. 466, 145 P. 2d 185. Other such disabling injuries, not within the so-called "specific" or "schedule" disablements, are determined under the "other cases" provisions of the act.

In cases such as this the award must be made for the arm loss as arbitrarily provided by the act, which was done in this instance, and also for the "other cases" disablement without regard to the arm loss and the award arbitrarily required therefor. Eubanks v. Barnsdall Oil Co., 169 Okla. 31, 35 P. 2d 873, and Mudge Oil Co. v. Wagnon, supra.

It follows that the award for the arm loss is fixed at 250 weeks without regard to inquiry into further facts or what such inquiry would disclose in a given case. But there then remains in this case another disabling injury which is open to inquiry as concerns certain factors to be employed in calculating the amount of an award. We resort to the "other cases" provision of section 22 of the act, supra. The same provides:

"Other cases: In all other classes of disabilities, excluding only those heretofore referred to in subdivision three, which disabilities result in loss of use of any portion of an employee's body, and which disabilities are permanent in quality but partial in character, the compensation ordered paid shall be sixty-six and two-thirds per centum of the average weekly wage during that por-

tion of the number of weeks which the partial disability of the employee bears to the total permanent disability."

The subject of that provision is disabilities other than those otherwise provided for. Disabilities within the meaning of the act refer to lack of ability to do ordinary manual or mechanical work and labor, and a partial disability when considered in terms of percentage refers to a percentage of the whole of the subject matter.

The "other cases" clause, providing as it does for partial disability, could reasonably be construed in no other manner than that it refers to the partial disability as compared with 100 per cent ability. Therefore, if one has an injury within the "other cases" provision of the act which, standing alone, reduces his ability to work 30 per cent he is entitled to an award for 30 per cent of 500 weeks as provided thereby. The commission herein found that the percentage of disability present within the "other cases" provision was separate and apart from the arm loss.

One of the fallacies present in petitioner's first suggested method of calculation is failure to take into consideration the fact that the arbitrary requirement of the use of 250 weeks as a factor in calculating the award for the loss of the arm does not necessarily mean that the claimant has in fact thereby lost 50 per cent of his total ability. Another is the fact, as found by the commission, that the "other cases" injury incapacitated the man 30 per cent separate and apart from the arm loss. The arbitrary requirements of the statute do not necessarily coincide with facts which the commission may find as concerns questions open to it, and for that reason the arbitrary factor and the factor fixed in accordance with facts seldom form a common basis for mathematical calculation. To illustrate: The present award is not for 80 per cent of total disability, but is simply an award based upon 250 weeks, arbitrarily provided by statute for the arm loss and in addition an award for 30 per cent of 500 weeks

based upon the finding that this man's "other cases" injury or disability incapacitated him 30 per cent of his total ability, separate from, and without any regard to, any loss of such ability which may be attributable to the loss of the arm. This case does not involve facts requiring a consideration of the statutory maximum award, nor did the Eubanks Case.

For the reasons stated, we find no merit in petitioner's first suggested theory of calculation.

Petitioner's second suggested method of calculation is based upon Magnolia Petroleum Co. v. Johns, 160 Okla. 221, 16 P. 2d 858, and other cases where the disabilities involved "specific" or "scheduled" members. Those decisions seem to be based upon the fact that the statute provides that the loss of any two of such "specific" members shall constitute total disability, and further provides that partial loss of a specific member shall be calculated upon a percentage basis. To illustrate: It is the theory there that if one has a 10 per cent loss of each arm, the man has a 10 per cent loss of total, because the statute arbitrarily provides that the loss of both arms shall constitute total (unless otherwise shown). "Other cases" disabilities are not included in the enumeration of "specific" disabilities contained in the total disability provision of the statute and made an arbitrarily determined factor thereby.

For that reason the present case is not within the rules therein announced, but rather is determined by the rule of the Eubanks Case, supra, and others to the same effect.

We observe that the finding of the commission in the present case is to the effect that claimant sustained a 30 per cent disability to his back, and awarded 30 per cent of 500 weeks therefor. The parties in their presentation here would appear to assume that such finding is intended to mean that by reason of the back injury alone claimant is 30 per cent incapacitated. It would so appear to us, and we have so considered same.

We desire to point out, however, that this opinion should not be construed as holding that a certain percentage of injury to some designated part of the body within the "other cases" provision necessarily represents the same percentage of total disablement of the man.

Award affirmed.

CORN, C. J., GIBSON, V. C. J., and OSBORN, BAYLESS, HURST, and DAVISON, JJ., concur. RILEY, J., dissents. ARNOLD, J., concurs in part and dissents in part.

———

ARNOLD, J. (concurring in part and dissenting in part). I agree with the conclusion of the majority, that is, that the claimant is entitled to 400 weeks' compensation in this case. This conclusion is correct for the reason that the claimant makes no objection to the amount of compensation awarded him or the method by which it was computed, and the two methods of computation suggested by petitioners are incorrect and inapplicable under the facts of the case before us. I cannot agree, however, that the majority opinion is correct in holding that in the case of multiple injuries, resulting in the loss of an arm and a serious injury to the back affecting a 30 per cent loss to the whole body, the Workmen's Compensation Act arbitrarily requires an award for 250 weeks for the loss of the arm and an additional, separate award for the disability resulting from the back injury. I think the award for compensation for an injury to the back and total loss of an arm sustained by reason of a compensable accident under the Workmen's Compenstion Act, as amended, should be for the percentage of total permanent disability resulting from the combined effects of such injuries and should be computed on the basis of 500 weeks.

The vice of the majority opinion lies in the fact that it establishes a rule in such cases as the one at bar which was

not contemplated by the Legislature, is impractical, and is not supported, in my judgment, by logic, reason, or authority, and will work an injustice to those entitled to the benefits of the Workmen's Compensation Act. If it be true that the claimant in this case has a 30 per cent permanent total disability by reason of the injury to his back in addition to and *exclusive* of the loss of the arm, then we cannot say he received an award commensurate with the combined effects of the injuries sustained. Common knowledge teaches us this and this conclusion is inescapable. Then, too, the provisions of the act demonstrate that the Legislature realized and recognized this fact and undertook to guard against the unjust results of any other theory. Our act provides (85 O. S. 1941 § 22, subd. 1):

"Permanent Total Disability: In case of *total disability* adjudged to be permanent, sixty-six and two-thirds per centum of the average weekly wages shall be paid to the employee during the continuance of such total disability not exceeding five hundred weeks; *loss of both hands, or both feet, or both legs, or both eyes, or any two thereof, shall, in the absence of conclusive proof to the contrary, constitute permanent total disability. In all other cases permanent total disability shall be determined in accordance with the facts.*"

Subdivision 2 of this section deals with temporary total disability. Subdivision 3 deals with the general subject of permanent partial disability and therein is set forth a schedule of compensation for various specific losses such as fingers, toes, hands, arms, feet, legs, and eyes. It will be noted from this schedule of injuries to the specified members that compensation for the loss of an eye is 100 weeks, the loss of a hand 200 weeks, the loss of one leg 175 weeks, the loss of one foot 150 weeks, and it will also be noted that the Legislature provided in subdivision 1 of said section, supra, that:

"Loss of both hands, or both feet, or both legs, or both eyes, *or any two*

*thereof*, shall . . . constitute *permanent total disability.*"

Under these subdivisions of section 22, we have consistently held that where there exists a permanent partial injury to any two of the members named in the foregoing subdivision 1 compensation should be computed on the basis of percentage of total permanent disability by multiplying 500 (the maximum number of weeks allowable for total permanent disability) by the average existing disability to the members involved. Olsen Drilling Co. v. Williams, 181 Okla. 81, 72 P. 2d 487; Elk City Cotton Oil Co. v. State Industrial Commission et al., 184 Okla. 503, 88 P. 2d 615.

We have also consistently adhered to the rule that where two fingers, for instance, are injured on the same hand the schedule therefor is disregarded and compensation awarded on the basis of the percentage loss to the hand.

Since the amendment of the "other cases" provision of the act all injuries to the body which fall within this provision are compensated on a basis of 500 weeks, the maximum for permanent total disability, without regard to lessened earning capacity. Disabilities falling within this provision now are specific in the same sense that arms, feet, hands, and eyes are. The amendment had for its purpose the establishment of a uniform basis and rate of compensation. This being true, it is not necessary to arbitrarily apply the schedule for an arm when there also exists another injury to a portion of the body that affects the whole body and necessarily affects indirectly the ability of all the members of the body to perform manual labor. In determining the percentage of disability occasioned by a back injury, the effect thereof on the arms, legs, and in fact all the members of the body must of necessity be considered. It is practically impossible to determine the percentage of *total disability* existent by reason of a back injury and at the same time wholly disregard an actual loss of an arm by reason of the same accident.

Such an impractical and unreasonable construction will inescapably lead to prejudice of one of the parties to the controversy. To apply the rule of construction suggested herein you would arrive at a determination of the injured person's disability without indulging in any impractical assumptions or being obliged to attempt to disregard any actual physical condition that affects the ability of the injured individual to perform ordinary manual labor. I cannot ascribe to the Legislature any intention other than to prescribe a practical and direct method of determination of existing disability, and therefore think its intention, by the amendment of the "other cases" provision, was to obviate the difficulties of computing compensation which existed under the old provision when other members of the body were involved which are covered by the schedule for so-called "specific" members. The rule established by the majority will further complicate the determination of the compensation to be awarded in cases involving injuries falling within the "other cases" provision of the act.

The conclusion is inescapable that where the nature and location of an injury is such as to require its determination, under the statutory schedule, on a basis of permanent total disability or percentage thereof, and there exists another injury to a different portion of the body, otherwise scheduled, the schedule ordinarily applicable to the so-called specific member must necessarily be disregarded and the combined effects of all injuries determined according to the schedule relating to the injury which under the statute may alone be permanent total.