WETHERBEE ELECTRIC CO. et al.
v. CARMICHAEL et al.

No. 31049. April 18, 1944.

*148 P. 2d 188.*

Clayton B. Pierce and Fred M. Mock, both of Oklahoma City, for petitioners.

James R. Carmichael, pro se, and Mac Q. Williamson, Atty. Gen., for respondents.

OSBORN, J. This is an original action brought by Wetherbee Electric Company and the United States Casualty Company, its insurance carrier, hereinafter called petitioners, to review the final order of the State Industrial Commission making an award to James R. Carmichael, hereinafter referred to as respondent. On the 3rd day of September, 1940, respondent sustained an accidental injury to both ankles when he fell from a scaffold while employed by the petitioner at Muskogee, Okla. Following hearings to determine the extent of the injury, the State Industrial Commission entered its order of July 13, 1942, finding that respondent was entitled to compensation for 250 weeks at $18 per week or $4,500 for 50 per cent total permanent disability.

From the above finding and award the petitioners have appealed. The cause of resulting disability is not in question. The sole contention of the petitioners is that there is no competent evidence in the record on which the State Industrial Commission could base such a finding. The medical testimony of Dr. Fite, Dr. Scott, and Dr. Carmichael is to the effect that respondent has between 50 and

60 per cent total disability, but, the petitioners argue, when the doctors were asked as to the separate disability of each member, they fixed the disability at 30 per cent. The petitioners urge that we should follow the rule declared in American Tank Co. v. State Industrial Commission, 153 Okla. 117, 5 P. 2d 137; Oklahoma City v. State Industrial Commission, 147 Okla. 303, 298 P. 577; Capital Drilling Co. et al. v. Cole et al., 143 Okla. 279, 288 P. 473, which is: Where claimant suffers permanent partial disability to both hands, both feet, or both eyes, the percentage of loss to each hand, each foot, or each eye as determined should be added together, and divided by two, and the quotient will be the percentage of the permanent partial disability sustained by claimant on the basis of 500 weeks.

Such mathematical calculation might have reached a just determination in those cases, but we do not believe it can be used in all cases to reach a just determination, or that it is the only rule which might be used. In Maryland Casualty Co. et al. v. State Industrial Commission et al., 139 Okla. 302, 282 P. 293, we held:

"The Workmen's Compensation Law is remedial legislation and is for the benefit of the workmen and the state, and should, at all times, be broadly and liberally construed so as to effectuate its purpose."

And in the opinion we said:

"It is not a mathematical problem, as contended by petitioners. It is not to be solved by adding up the fractional parts, but upon the basis of the percentage of total and permanent disability reasonably found to be produced by the injuries to both eyes considered collectively, and with due regard to their cumulative effect.

"This is the construction the Industrial Commission has given to the statute, and the award made for the partial disability of the claimant is based upon the proportion of the total award which the partial loss of the use of claimant's two eyes would have borne to a total loss of them."

The percentage of disability is a question of fact relating to administering relief under the Workmen's Compensation Act, to be determined by the State Industrial Commission, and whether the commission used the mathematical rule, or some other rule, to determine the percentage of disability, where there is any competent evidence reasonably tending to support its finding, an award based thereon will not be disturbed.

The expert testimony was given by four doctors. Three of the four testified that the respondent has between 50 and 60 per cent total disability, considering the cumulative effect of his injuries to two members. The other doctor testified that respondent had 40 per cent disability to the right leg and 20 per cent disability to the left leg, and, by the mathematical calculation, his total disability was 30 per cent. It is manifest, however, that the mathematical formula cannot be properly applied in all cases so as to effectuate justice. An illustration will serve to point out the fallacy. For instance, an injured person may have a disability of 90 per cent in one leg and a disability of 70 per cent in the other leg. Thus, by the mathematical formula, he would have only an 80 per cent total disability, whereas, considering the cumulative effect of his injuries, the commission might determine that he was totally disabled. As the seriousness of the injuries to two members increases, his approach to the condition of total disability does not remain constant, but it may be obviously accelerated.

Hence, it is apparent that our language has been too broad in applying said formula. But if the commission, in determining the amount of claimant's disability, sees fit to apply said formula as a fair and just means of determining the question presented for its determination, said findings, if supported by evidence, would not be disturbed by this court. To the commission is committed the determination of the degree of disability of a claimant, and whatever reasonable means it may apply to aid it is permissible. Herein, the commission,

based upon competent testimony, found that the claimant sustained a greater percentage of disability than his several injuries, considered separately, would authorize under the strict application of said formula. The medical testimony supports the conclusion of the commission that he is 50 per cent disabled. Said finding will not be disturbed by this court.

To the extent only that our language in our former opinions is inconsistent herewith, we modify same.

Award sustained.

CORN, C.J., GIBSON, V.C.J., and RILEY, HURST, DAVISON, and ARNOLD, JJ., concur.