FALCON SEABOARD DRILLING CO. et al. v. McGEHEE et al.

No. 32532. Dec. 17, 1946.

Rehearing Denied Feb. 18, 1947.

177 P. 2d 127.

Hays & Powers, of Oklahoma City, for petitioners.

Hatcher, Hatcher & Harwood, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought in this court by Falcon Seaboard Drilling Company and Anchor Casualty Company to review an award of the State Industrial Commission awarding compensation to respondent, Paul E. McGehee.

Respondent in due time filed his first notice of injury and claim for compensation in which he stated that on the 31st day of March, 1945, while in the employ of petitioner, Falcon Seaboard Drilling Company, and engaged in putting a gasket under gooseneck on a swivel he was thrown from the swivel, thereby sustaining injuries consisting of a broken leg and injuries to his back and hip.

Petitioner, insurance carrier, paid temporary compensation to respondent at the rate of $18 per week continuing up to February 18, 1946, at which time it discontinued payments.

The matter was then presented to the commission on motion of respondent to determine liability and extent thereof.

A hearing was had before trial commissioner Worley, who at the conclusion of the evidence found that respondent, while employed by petitioners, and engaged in a hazardous employment, sustained an injury consisting of a 50 per cent permanent partial disability to his

left leg and additional injuries to his hip and back which resulted in a 10 per cent total disability to his body as whole, and awarded respondent compensation for the combined injuries in the sum of $2,475. No appeal was taken from this award to the commission en banc, but the award was permitted to become the final award of the commission.

Petitioners challenge the sufficiency of the evidence to sustain the award insofar as it awards compensation to the respondent for injuries to his hip and back. The medical evidence touching this question is conflicting. The physicians who testified on behalf of petitioners testified that respondent sustained no permanent injury to his hip or back. The physicians testifying on behalf of respondent testified to the contrary. Dr. White testified that in addition to his leg injury respondent sustained an injury to his hip and back which resulted in a 20 per cent permanent total disability to his body as a whole. Dr. Moore testified that respondent had sustained an injury to his hip and back in addition to his leg injury, and that by reason of the combined injuries he was permanently and totally disabled to do manual labor. The evidence, taken as a whole, we think sufficient to sustain the findings of the commission in this respect. Petitioners do not challenge the award insofar as it awards compensation to respondent for 50 per cent permanent partial disability to his left leg.

The main contention of petitioners is that the commission used an erroneous method in calculating the award.

The following formula was used: 50 per cent permanent partial disability to the leg, 87½ weeks; 10 per cent permanant total disability to the body as a whole by reason of an injury to hip and back, 50 weeks. Total, 137½ weeks at $18 per week, $2,475.

We have many times approved the above method of calculating the award in cases of this character. This method was first applied and approved by us in the case of Eubanks v. Barnsdall Oil Co., 169 Okla. 31, 35 P. 2d 837. This case has been repeatedly followed by this court. One of the latter cases in which this question was raised is the case of J. E. Trigg Drilling Company v. Daniels, 193 Okla. 644, 145 P. 2d 944. We there said:

"Where there is a total loss of an arm an award based upon a factor of 250 weeks is arbitrarily required by the Workmen's Compensation Act, and where there is also a disabling injury under the 'other cases' provision of the act, which injury alone disables the man 30 per cent of his total ability, an award based upon a total factor of 400 weeks is proper."

Petitioners concede that the facts in the instant case are sufficient to bring it within the rule announced in the above cases. They, however, contend that such rule has its foundation in the Eubanks Case, supra; that the decision in that case was rendered prior to the 1941 amendment of the "other cases" provision of the Workmen's Compensation Act, 85 O. S. 1941 § 22; that such amendment materially changed such provision of the act and that the rule announced in that case is therefore no longer applicable. We have held to the contrary.

In the case of Mudge Oil Co. v. Wagnon, 193 Okla. 466, 145 P. 2d 185, we said:

"85 S. L. 1941, sec. 3, 85 O. S. 1941, sec. 22, subsection entitled 'other cases' has the effect of arbitrarily prescribing that the physical disability resulting from such injuries represents the claimant's loss of earning power, and such amendatory act does not affect the rule announced in Eubanks v. Barnsdall Oil Co., 169 Okla. 31, 35 P. 2d 873, to the effect that an award must be made for injury to a 'specific' member, and also for an 'other cases' injury when the facts reveal such multiple injuries."

Petitioners in their brief suggest several alternative methods of computing compensation in cases of this

234 234

character either one of which they assert should have been adopted by the commission in this case. The use of one or the other of substantially the same alternative methods was urged upon us in the case of J. E. Trigg Drilling Co. v. Daniels, supra. We there declined to adopt either of such methods and in that case we again adhere to the rule announced in the Eubanks Case. What is there said applies here.

The State Industrial Commission properly followed these cases in entering its award.

Award sustained.

HURST, V. C. J., and RILEY, OSBORN, BAYLESS, and DAVISON, JJ., concur. ARNOLD, J., concurs in part and dissents in part.

Rehearing Denied Feb. 18, 1947.