SPECIAL INDEMNITY FUND v. HARMON et al.

No. 32936.   June 1, 1948.

*194 P. 2d 869.*

Mont R. Powell, and Don Anderson, both of Oklahoma City, for petitioner.

Hugh M. Sandlin, of Holdenville, for respondent Charles Harmon.

Mac Q. Williamson, Atty. Gen., for respondent State Industrial Commission.

LUTTRELL, J. This is an original proceeding by petitioner, Special Indemnity Fund of the State of Oklahoma, to review an award made by the State Industrial Commission to claimant Charles Harmon. From the record it appears that on June 28, 1946, Harmon sustained an injury which necessitated the amputation of all the fingers of his left hand. He duly filed his claim

for compensation against his then employer, asserting in his claim that he was a physically impaired person due to a previous injury sustained December 7, 1937, for which he had been awarded compensation by the State Industrial Commission. The Special Indemnity Fund in its answer alleged that the old injury in combination with the subsequent injury did not materially increase the disability caused by the last injury standing alone, and further alleged that claimant was not an impaired person under the law. At the hearing before the commission the Special Indemnity Fund agreed that the injury to claimant's left hand disabled the hand 100 per cent. When claimant's attorney offered to introduce in evidence the previous order of the commission awarding compensation for the injury sustained in 1937, the trial commissioner stated that the commission would study the old order, and asked if there was any objection by the Special Indemnity Fund, whereupon the attorney for Special Indemnity Fund stated: "We will consider everything, and we are sure the commission will". Thereafter claimant again offered the files in the old case in evidence, and the commission stated that it would take judicial notice thereof. No objection was made by Special Indemnity Fund to the taking of such notice by the commission. The trial commissioner found that the combination of the two injuries constituted a 100 per cent permanent total disability on the part of claimant to perform ordinary manual labor; made an award against his employer at the time of the last accident for the loss of his left hand, and an award against the Special Indemnity Fund for the difference between the amount awarded for the permanent total disability of claimant's left hand, and the amount due for total disability for the performance of manual labor because of the combination of the two injuries. This award was affirmed by the commission en banc.

Petitioner first contends that the Industrial Commission could not take judicial notice of the prior award for the 1937 injury; that the order was never introduced in evidence; that no layman testified that claimant's disability due to the prior injury was apparent from observation by an ordinary layman, and that therefore there is no evidence that claimant was a previously impaired person. Without passing upon the question of whether or not the commission could take judicial notice of its prior order, we think it obviously appears from the statement of petitioner's counsel, when the attorney for claimant sought to introduce the order in evidence, that he signified his acquiescence to the consideration of such order by the commission without its formal introduction in evidence, and that by this statement, and the further failure to object when the commission, at the time claimant's attorney made the second offer, stated that judicial notice would be taken of such order, petitioner waived its right to object to consideration of said order by the commission without the formality of introducing it in evidence. Furthermore claimant testified to the previous injury, and to the fact that an award had been made therefor by the commission. This evidence, under our holding in Special Indemnity Fund v. Keel, 196 Okla. 315, 164 P. 2d 996, was sufficient to show that claimant was a previously impaired person, so that the only purpose of introducing the order in evidence would be to disclose the nature and extent of the previous injury. We therefore hold that the evidence sufficiently shows that claimant was a physically impaired person at the time he sustained the second injury.

Petitioner next contends that the evidence does not sustain the commission's award. The only testimony in the record to the effect that claimant, because of his various injuries, was totally and permanently disabled, is that of Dr. Riley. This doctor testified that he examined claimant about a week before the hearing at which he testified; that aside from the injury

to claimant's left hand, which rendered that hand a total loss, he found that as a result of the old injury claimant had a limited movement of the left arm and the left side of his chest, and that his right shoulder was affected due to curvature of the last and twelfth dorsal cervical vertebra, which disabled his right arm 15 per cent, and that as a result of these injuries claimant was totally disabled for the performance of ordinary manual labor. On cross-examination he testified that he gave claimant a complete physical examination of the back and chest, and an X-ray examination. He further testified that he could not state how much permanent disability there was to the body of claimant prior to the last injury, because he had not seen or examined claimant prior to the last injury.

While petitioner objected to some of the doctor's testimony and moved that it be stricken, we are unable to tell from the objection just how much of the testimony petitioner considered objectionable. However, at the request of petitioner's attorney the doctor's written report was placed in evidence. In this report he reasserted the facts testified to by him on his oral examination, and reached the same conclusion that claimant was totally unfit for manual labor and would be unable to perform such labor if he was able to procure a job. The only evidence produced by petitioner to the contrary was a report by the McBride Clinic, which report stated that Dr. McBride had previously examined claimant on February 15, 1938, and that except for the injury to his left hand his symptoms at that time were practically the same as on the last examination. This report stated that in the opinion of Dr. McBride claimant was not wholly incapacitated.

Petitioner contends that this evidence is insufficient to show that claimant sustained a loss of both arms, and intimates that there must be a total loss of two members to sustain an award for total disability under the provisions

of subdivision 1 of 85 O. S. 1941 §22. That section, however, while it provides that the loss of both hands or of two other members shall, in the absence of conclusive proof to the contrary, constitute permanent total disability, contains this further provision:

"In all other cases permanent total disability shall be determined in accordance with the facts".

In Burnett Hauert Lumber Co. v. Thompson, 185 Okla. 627, 95 P. 2d 630, in construing the above-quoted provision, we said:

"Subdivision 1, section 13356, O. S. 1931, 85 Okla. St. Ann. section 22, subdivision 1, declares that certain injuries constitute permanent total disability in the absence of conclusive proof to the contrary and then provides 'in all other cases permanent total disability shall be determined in accordance with the facts.' Thereunder the State Industrial Commission is authorized to make an award for permanent total disability in all cases where the facts warrant such an award. It is not necessary that an injured employee be reduced to a state of total dependency before he is entitled to an award for permanent total disability. Whenever the injury is of such nature as to deprive him of ability to thereafter follow continuously any substantially gainful occupation an award for permanent total disability may be properly made. Dierks Lumber & Coal Co. v. Lindley, 182 Okla. 185, 77 P. 2d 44."

In that case the claimant's right arm was torn off at the shoulder, and his collar bone, neck and back, and left arm were also injured, but the evidence did not establish a total loss of two members. In Tahona Smokeless Coal Co. v. State Industrial Commission, 134 Okla. 123, 274 P. 15, an award for total permanent disability was sustained although the claimant's injuries to his right hip and left foot were not shown to have resulted in a total loss of each.

In Special Indemnity Fund v. Mc-Millin, 198 Okla. 412, 179 P. 2d 475, we held that the commission, in addi-

tion to expert and other evidence as to the degree of disability, could call to its assistance its own general knowledge and experience as men of common understanding and judgment.

In the instant case the evidence showed that claimant was 44 years old, and he personally appeared before the trial commissioner, who had an opportunity to observe the nature and extent of his injuries, in addition to hearing the evidence of the various physicians who testified. Evidently, the trial commissioner, and the commission sitting en banc on appeal, agreed with the testimony of Dr. Riley that a man of claimant's age, with one hand entirely disabled, with a partial disability to his other arm, and with the other injuries testified to by Dr. Riley, was wholly incapacitated to perform manual labor. The claimant was not interrogated as to his ability to do work of any kind, and the record contains nothing to indicate that he could find or hold employment in any gainful occupation. Under these circumstances, and in view of the evidence as above set forth, the finding of the commission that claimant was totally and permanently disabled must be sustained. We have examined Shepard v. Crumby, 146 Okla. 118, 293 P. 1049; Taton v. Dunlap, 184 Okla. 319, 87 P. 2d 321, and other cases cited by petitioner in support of its contention that the award of the commission is not sustained by competent evidence, and consider them inapplicable.

Petitioner urges that the Industrial Commission combined "specific member" and "other cases" injuries in making the award, and that this was improper, citing Trigg Drilling Co. v. Daniels, 193 Okla. 644, 145 P. 2d 944; Special Indemnity Fund v. Bonner, 198 Okla. 491, 180 P. 2d 191, and other cases. The rule announced in these cases does not apply to the award in the instant case, for the reason that here the evidence establishes that the shoulder and back injuries suffered by claimant resulted in a 15 per cent dis-

ability to his right arm. Obviously if an employee had lost one leg, and suffered an "other cases" injury which paralyzed the other leg, an award for total permanent disability would be proper, in the absence of a showing that regardless of such condition he could perform labor. The rule announced in the cases cited by petitioner does not apply where the "other cases" injury directly affects a specific member, and causes a total or partial loss of the use of a specific member, which, when combined with the loss of other members, results in total disability.

Award sustained.

HURST, C. J., DAVISON, V. C. J., and WELCH, CORN, and ARNOLD, JJ., concur. GIBSON, J., dissents.