SPECIAL INDEMNITY FUND v. McWHORTER et al.

No. 32987.    June 22, 1948.

Rehearing Denied July 13, 1948.

*196 P. 2d 689.*

Mont R. Powell and Don Anderson, both of Oklahoma City, for petitioner.

Sam J. Clay and Maurice Nagle, both of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, V. C. J. This is an original proceeding brought by Special Indemnity Fund to review an award of the State Industrial Commission entered in favor of respondent Odus O'Dell McWhorter.   An award was also entered against Borden Milk & Ice Cream Company and its insurance carrier, which award was thereafter settled by the respondent and his employer on a joint settlement agreement. We are here concerned only with the award made against Special Indemnity Fund.

The trial commissioner after finding that respondent, on the 14th day of January, 1945, while in the employ of Borden Milk & Ice Cream Company sustained an accidental personal injury to his back resulting in a 5 per cent permanent partial disability to his body as a whole for which he is entitled to compensation at the rate of $18 per week for a period of 25 weeks, or the sum of $450, further found:

"That prior to claimant's injury of January 14, 1945, he had sustained previous disabilities from 5 years of prize fighting between the years of 1929 and 1934, resulting in an injury to the central nervous system, and at the time of said injury of January 14, 1945, claimant was a 'physically impaired person' within the meaning of Section 171, Title 85 O. S. 1943, and that such impairment was noticeable to an ordinary layman, and the Commissioner finds from the evidence in this cause, that said impairment and disability to his central nervous system is in the amount of 25% permanent partial disability to the body as a whole or 25% of a permanent total disability, and the 5% permanent partial disability to and loss of use of the claimant's back when taken and considered together in the

relation that they bear to a permanent total disability, based on 500 weeks, are equivalent to 30% of a permanent total disability, entitling claimant to compensation at the rate of $18.00 per week for a period of 150 weeks, or the sum of $2,700.00 and that the respondent and insurance carier herein are liable to claimant for 25 weeks of said compensation, and the Special Indemnity Fund is liable to claimant for the balance thereof, or 125 weeks at $18.00 per week, and that there is accrued on the compensation due claimant by the respondent and insurance carrier herein the sum of $72.00 computed from the date of injury, January 14, 1945, up to February 17, 1945, less the five day waiting period, a period of four weeks' compensation, and that the liability of the Special Indemnity Fund herein shall accrue and become due at the rate of $18.00 per week beginning 25 weeks from February 17, 1945."

Upon these findings an order was entered by the trial commissioner awarding compensation against Borden Milk & Ice Cream Company and its insurance carrier and Special Indemnity Fund accordingly.

The award was sustained on appeal to the commission en banc.

Special Indemnity Fund challenged the award on the ground that it is not supported by the evidence and is contrary to law.

The evidence shows without dispute that respondent, on the 14th day of January, 1945, while in the employ of Borden Milk & Ice Cream Company, sustained an injury to his back. The medical testimony establishes that as a result of such injury he sustained a permanent partial disability to his body as a whole ranging from 5 to 15 per cent. It is also shown beyond dispute that prior thereto respondent had sustained an injury consisting of impairment of his central nervous system and that such impairment resulted in a partial loss of use of both legs ranging from 12 to 20 per cent and a partial loss of use of both arms ranging from 10 to 15 per cent, and that as a result

of such impairment he sustained a permanent partial disability to his body as a whole ranging from 25 to 60 per cent. There is also evidence of lay witnesses tending to prove that the loss of use of respondent's legs and arms was so pronounced as to be noticeable to an ordinary layman upon observation or examination.

The record, however, discloses no medical testimony tending to establish that respondent by reason of the last injury to his back sustained any additional disability to his legs or arms. Neither does the commission so find. It simply finds that by reason of the last injury respondent sustained a 5 per cent permanent partial disability to his back and that as a result of his former injury he sustained a 25 per cent permanent partial disability to his body as a whole and as the result of combination of disabilities he sustained a 30 per cent permanent partial disability to his body as a whole. The evidence and findings do not authorize an award against Special Indemnity Fund.

We have heretofore held that injuries to scheduled or classified members of the body cannot be combined with injuries to unscheduled or unclassified parts of the body and compensation awarded therefor on the basis of percentage of total disability, but that such disability must be separately fixed and awarded according to the separate schedules therefor. Mudge Oil Co. v. Wagnon, 193 Okla. 466, 145 P. 2d 185; J. E. Trigg Drilling Co. v. Daniels, 193 Okla. 644, 145 P. 2d 944; Special Indemnity Fund v. Wade et al., 199 Okla. 547, 189 P. 2d 609. In Special Indemnity Fund v. Wade, supra, we said:

"The attempted combination of the back injury and the leg injury was erroneous. This being a permanent partial disability case, in no event, could the disability to the hip or back be combined with the injury or disability to the leg and there is no authority for the attempted combination thereof by the Industrial Commission."

Under the above authorities the commission was without authority to combine a back injury with a prior leg and arm injury for the purpose of entering an award on the basis of permanent partial disability to the body as a whole.

Under the evidence herein no award whatever should have been made against Special Indemnity Fund.

Award vacated.

HURST, C.J., and BAYLESS, WELCH, GIBSON, ARNOLD, and LUTTRELL, JJ., concur. RILEY and CORN, JJ., dissent.

Mont R. Powell and Don Anderson, both of Oklahoma City, for petitioner.