STATE INSURANCE FUND et al. v. SHARP et al.

No. 33454. Oct. 5, 1948.

*198 P. 2d 431.*

Mont R. Powell and Don Anderson, both of Oklahoma City, for petitioners.

Allen G. Nichols and Walter Billingsley, both of Wewoka, and Mac Q. Williamson, Atty. Gen., and R. M. Huff, Asst. Atty. Gen., for respondents.

ARNOLD, J. This is an original proceeding in this court brought by State Insurance Fund and Lewis Kahan Oil Company to review an award of the State Industrial Commission awarding compensation to respondent, John N. Sharp.

The trial commissioner before whom the proceedings were heard found that on the 15th day of November, 1945, respondent, while in the employ of Lewis Kahan Oil Company, sustained an accidental personal injury arising out of and in the course of his employment consisting of an injury to his hip and right leg; that as a result of such injuries he sustained 65 per cent permanent partial disability to the body as a whole and awarded compensation accordingly.

There was no medical testimony separately fixing the permanent disability resulting from the leg injury to the leg and the hip injury to the body. The commissioner made no finding as to the degree of disability resulting from the specific injury either to the leg or hip.

The finding and award was sustained on appeal to the commission en banc.

Petitioners contend that the award of the commission awarding compensation on the basis of permanent partial disability to the body as a whole is not supported by the evidence and is contrary to law.

A hip injury cannot be combined with a leg injury for the purpose of awarding compensation to an injured employee on the basis of permanent partial disability to the body as a whole. Special Indemnity Fund v. Wade, 199 Okla. 547, 189 P. 2d 609; Special Indemnity Fund v. Lee, 200 Okla. 327, 193 P. 2d 305. In such case compensation should be computed and an award made under the rule announced in Eubanks v. Barnsdall Oil Co., 169 Okla. 31, 35 P. 2d 873; Mudge Oil Co. v. Wagnon, 193 Okla. 466, 145 P. 2d 185; J. E. Trigg Drilling Co., v. Daniels, 193 Okla. 644, 145 P. 2d 944.

The commission found that permanent injury resulted to the leg and the hip and combined the two, by awarding compensation on the basis of percentage of permanent partial disability to the body as a whole contrary to the foregoing rule. For this reason the award is contrary to law, must be and is vacated.

The view taken renders it unnecessary to pass upon the other questions raised.

HURST, C.J., and CORN, GIBSON, and LUTTRELL, JJ., concur.