## CONSUMERS CO-OPERATIVE ASS'N et al. v. TITUS et al.

No. 33231. May 3, 1949.

205 P. 2d 1162.

Robert D. Crowe, of Oklahoma City, and W. E. Crowe, of Enid, for petitioners.

Schwoerke & Schwoerke, of Oklahoma City, for respondents.

LUTTRELL, J. This is an original proceeding by petitioners, Consumers Co-Operative Association and Bituminous Casualty Corporation, to review an award to claimant, Harry W. Titus, made against them by the State Industrial Commission sitting en banc.

From the record it appears that claimant, while employed by Consumers Co-Operative Association, sustained an accidental injury on April 14, 1945, resulting in a claimed fracture of both heel bones. On a hearing before the trial commissioner on May 6, 1947, the trial commissioner made an award of five per cent permanent partial disability to the body as a whole. On appeal the commission sitting en banc made an order, without any agreement of the parties and without consent of petitioners, that the claimant report to Dr. O'Donoghue of Oklahoma City for a further examination. In due time the doctor filed his report finding that claimant, by reason of said injuries, had a disability of 15 per cent to the right foot and 10 per cent to the left foot. Thereon the commission vacated the findings of the trial commissioner as to the extent of disability; found that claimant had sustained a 15 per cent permanent partial disability to his right foot and 10 per cent permanent partial disability to his left foot, which disabilities taken together constituted a 12½ per cent permanent partial disability to the body as a whole, and entered an award accordingly.

Petitioners first contend that the commission sitting en banc is not authorized to hear additional evidence, but must determine the case solely on the record made by the parties before the trial commissioner. We agree with this contention.

85 O.S. 1941 §77, par. 9, provides in part as follows:

"Such appeals shall be allowed on a question of law or a question of fact, or a mixed question of law and fact, and shall be determined on the record made before the trial commissioner."

In Amerada Petroleum Corporation v. Hester, 188 Okla. 394, 109 P. 2d 820, we held that under the statute quoted above the commission sitting en banc exercised only appellate jurisdiction, and must determine the validity or invalidity of the award on the record made before the trial commissioner. We there said:

"The hearing on such appeal to the State Industrial Commission en banc does not contemplate, require, nor afford a trial de novo; such appeal contemplates a hearing on questions of law and fact, or mixed questions of law and fact, to be determined *on the record made before the trial commissioner.*"

This holding accords with the plain language of the statute and forbids a trial de novo before the commission en banc.

Claimant asserts that the commission had power to make the order under the provisions of 85 O.S. 1941 §25, which provides for medical examinations upon the order of the commission. That statute was enacted prior to section 77, supra, providing for appeals to the commission en banc, and the latter therefore modifies or supersedes section 25 so far as the two are in conflict. Hines v. Harmon, 178 Okla. 1, 61 P. 2d 641.

Petitioners also contend that the award is erroneous because it is not sustained by any evidence. With this contention we also agree.

Neither Dr. O'Donoghue in his report, nor Dr. Moore, who testified for the claimant before the trial commissioner, testified to any disability to the body as a whole resulting from the injuries received by claimant. Dr. Moore in his report testified to permanent partial disability in the right foot of 50 per cent, and permanent partial disability to the left foot of 35 per cent. He did not testify as to any disability to the body as a whole resulting from the two injuries. Dr. O'Donoghue in his report stated that claimant suffered a 15 per cent disability to the right foot and a 10 per cent disability to the left foot, but did not state or attempt to estimate the disability to the body as a whole resulting from the combination of the two injuries. Disability to the body as a whole resulting from said injuries was a matter to be determined by medical evidence.

In Special Indemnity Fund v. Hunt, 200 Okla. 1, 190 P. 2d 795, referring to disability to the body as a whole resulting from the combination of an old injury with a new and different injury, and the liability of Special Indemnity Fund as a result of the combination of the two, we said:

"There is no competent proof here of what the combined disability of the old and new injuries to the leg was. Though the commission found there was a combined disability of 65 per cent, the evidence only shows the disability resulting to the leg from each accidental injury considered as standing alone. This is not sufficient to support a finding of combined disability. Medical proof is necessary on the point."

See, also, Wetherbee Electric Co. v. Carmichael, 194 Okla. 121, 148 P. 2d 188; Gentry v. Arnett, 199 Okla. 165, 184 P. 2d 804.

From the record it appears that the commission en banc adopted the finding as to the extent of injuries made by Dr. O'Donoghue, combined the two and divided the result by two, thus arriving at the disability of 12½ per cent to the body as a whole.

In Special Indemnity Fund v. McMillin, 198 Okla. 412, 179 P. 2d 475, we condemned this practice and held that an award for a combined disability must be based upon competent evidence.

Award vacated.