STOLDT BUILDERS, INC., and United States Fidelity and Guaranty Company, Petitioners,

v.

Larry Orville THOMAS and the State Industrial Court of the State of Oklahoma, Respondents.

No. 40346.

Supreme Court of Oklahoma.

June 2, 1964.

Rehearing Denied July 14, 1964.

Fenton, Fenton, Smith & McCaleb, Oklahoma City, Sellers & Woodson, Drumright, for petitioners.

Charles R. Nesbitt, Atty. Gen., for respondents.

BERRY, Justice.

The award under review adjudicates claimant's overall condition from an accidental injury to the mid portion of his back and to the left ankle in terms of 12 per centum permament (partial) disability to the entire body. Employer asserts the trial tribunal adopted an erroneous method in calculating the amount of compensation to be allowed. We are urged in a single proposition that "an injury to the foot may not be combined with an injury to the back * * * for the purpose of awarding compensation * * * on the basis of permanent partial disability to the body as a whole."

The medical evidence in the record consists of letter-reports by two physicians. Dr. F., an expert for the employer, found no permanent impairment to the back. He evaluated claimant's condition in the left ankle at 5 per centum permanent (partial) loss of use of the foot. According to the other physician, Dr. McD., claimant's "multiple involvement of the ankle and the back" produced in the aggregate 15 per centum permanent (partial) disability to the body as a whole. The trial tribunal's award is predicated upon the opinion of Dr. McD.

There is nothing in the medical evidence to suggest that the functional loss of the ankle did, in any manner, affect claimant's back so as to produce, in its cumulative effect, increased disability to the entire body. In fact, the medical evaluation by Dr. McD. militates against viewing the two conditions—in the back and in the ankle—as related or interconnected pathology.

Under the provisions of 85 O.S. 1961 § 22, subdivision 3, the loss of use of

an ankle which does not result in functional impairment at or above the knee, is considered as a "scheduled" or specific injury to a member and is compensated on the basis of disability to the foot. American Tank Co. v. State Industrial Commission, 153 Okl. 117, 5 P.2d 137, 139; and Merrick et al. v. Blackman et al., 201 Okl. 553, 207 P.2d 942, 943.

 The back is not classified or "scheduled" as a specific member of the body. An impairment thereof, which falls under the "other cases" clause of 85 O.S. 1961 § 22, subdivision 3, must be compensated on the basis of disability to the body as a whole. Corbus Spring Service et al. v. Cresswell et al., Okl., 359 P.2d 219, 222; Special Indemnity Fund v. Roberts et al., Okl., 356 P.2d 561, 562; Special Indemnity Fund v. Kilgore et al., 203 Okl. 241, 219 P.2d 1001, 1002; Special Indemnity Fund v. Wade et al., 199 Okl. 547, 189 P.2d 609, 611; and Henry Schafer, Inc. et al. v. Mitchell et al., 200 Okl. 510, 198 P.2d 397, 399. The impairment of a specific or "scheduled" member of the body may not be considered in combination with the disability to an unclassified portion of the body in order to allow compensation for the aggregate condition on the basis of percentage of disability to the body as a whole. The classified and unclassified disabilities must be determined separately in accordance with the applicable statutory schedules. State Insurance Fund v. Sharp et al., 200 Okl. 579, 198 P.2d 431, 432; Special Indemnity Fund v. McWhorter et al., 200 Okl. 469, 196 P.2d 689, 691; Special Indemnity Fund v. Lee et al., 200 Okl. 327, 193 P.2d 305; Falcon Seaboard Drilling Co. et al. v. McGehee et al., 198 Okl. 232, 177 P.2d 127; Mudge Oil Co. et al. v. Wagnon et al., 193 Okl. 466, 145 P.2d 185, 187; J. E. Trigg Drilling Co. et al. v. Daniels et al., 193 Okl. 644, 145 P.2d 944, 948. See also Special Indemnity Fund v. Wade, supra; Special Indemnity Fund v. Fite et al., Okl., 361 P.2d 220, 222; and Wilkerson Chevrolet, Inc. et al. v. Mackey et al., Okl., 367 P.2d 165, 168. The rule announced in the cited cases does not apply where an unclassified injury directly affects and produces impairment of a specific member, which, when considered in combination with the loss of other members, results in total disability. Special Indemnity Fund v. Harmon et al., 200 Okl. 358, 194 P.2d 869, 872. The present cause obviously does not fall within this exception.

 Claimant places principal reliance on Wilcox Oil Co. et al. v. Jackson et al., 199 Okl. 318, 185 P.2d 462, wherein this Court sustained an award. The cited case is distinguishable from the case now before us. Claimant in that case suffered disability to more than one specific member of the body (both legs and left arm) and to certain unclassified parts of the body (face, neck and chest). The trial tribunal determined claimant's aggregate disability from all injuries at 50 per centum to the body without making a separate finding of disability from classified and unclassified impairments. Multiple injuries to major specific members may be compensated on the basis of their cumulative effect upon the total disability to the body as a whole, if there is competent medical evidence to show such disability. 85 O.S.1961, Sec. 22, subdivision 1; Elk City Cotton Oil Co. v. State Industrial Commission et al., 184 Okl. 503, 88 P.2d 615, 618; Special Indemnity Fund v. Wade, supra; Wetherbee Electric Co. et al. v. Carmichael et al., 194 Okl. 121, 148 P.2d 188; Consumers Co-op. Ass'n. et al. v. Titus et al., 201 Okl. 344, 205 P.2d 1162, 1164. In the Wilcox case there was such competent expert proof and the court did not therein deal with an unauthorized determination of classified impairments in terms of disability to the body as a whole, but rather with the trial tribunal's failure to make a separate evaluation of the aggregate disability (to the body as a whole) from the combined impairments to the three major members of the body. Moreover, had the award in the Wilcox case been correctly computed, claimant's compensation would have been in excess of the amount

**878**

granted him below. There is nothing in the record here to support the same conclusion.

■ The award is based upon an improper combination of disabilities. It is accordingly vacated and the cause remanded to the State Industrial Court with directions to conduct further hearings and determine separately the extent of each classified and unclassified impairment according to the applicable statutory schedules. See Nelson Electric Mfg. Co. v. Cartwright, Okl., 277 P.2d 163, 167.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS, JACKSON, and IRWIN, JJ., concur.