ADA IRON & METAL WORKS and Mid-Continent Casualty Company, Petitioners,

v.

Ed TARPLEY and the State Industrial Court, Respondents.

No. 40911.

Supreme Court of Oklahoma.

Oct. 20, 1964.

Looney, Watts, Looney, Nichols & Johnson, Oklahoma City, for petitioners.

Marx Childers, Oklahoma City, Buck Cartwright, Wewoka, Charles R. Nesbitt, Atty. Gen., for respondents.

BERRY, Justice.

The question involved in this review is substantially:

Can an injury to the back be combined with an injury to the leg for the purpose of awarding compensation on the basis of permanent partial disability to the body as a whole?

In 1954, Ed Tarpley, claimant, suffered a gunshot wound to the left leg and in 1955 the leg was operated for a blood clot. On May 2, 1963, while in the employment of respondent, Ada Iron & Metal Works, claimant sustained an injury to his back. Since that time his left leg swells and causes considerable pain.

Dr. M, on behalf of claimant, stated that as a result of the accident on May 2, 1963, claimant had sustained a 45 per cent permanent partial disability to the body as a whole because of the back injury and a 40 per cent permanent partial disability to the left leg because of aggravation of the pre-existing condition of said leg and "as a result of the combination of the injuries to his back and left leg, I feel he now has a 65% permanent partial disability to the body as a whole for the performance of ordinary manual labor."

Dr. W. M., on behalf of claimant, stated it was his opinion that as a result of the accident claimant was permanently and totally disabled. Dr. W., for respondent, assessed claimant's permanent partial disability as 25 per cent to the body as a whole.

A trial judge of the State Industrial Court entered an order finding in part as follows:

"That by reason of the injury of May 2, 1963, claimant has sustained 45% P.P.D. to his back and 40% to his left leg by reason of aggravation and that by reason of combination of back injury and aggravation of a pre-existing condition to left leg claimant has sustained 65% P.P.D. to his body, * *."

The order was affirmed by the Court en banc on appeal.

Respondent and its insurance carrier, Mid-Continent Casualty Company, seek a review of the award to claimant. Reliance for a reversal of the above finding is based primarily upon the contention the Industrial Court used an "incorrect method in computing the disability, by combining a leg and back injury to the body as a whole when the combination did not result in total permanent disability."

■ We are of the opinion the award herein must be vacated for reason that it is based upon an improper combination of disabilities.

■ Under the provisions of 85 O.S.1961, § 22, subd. 3, the leg is a specific member or "scheduled" member of the body but the back is not "scheduled" as a specific member of the body. And, an injury to the back resulting in disability thereto falls within the "other cases" clause of that section and must be computed on the basis of disability to the body as a whole. Corbus Spring Service et al. v. Cresswell et al., Okl., 359 P.2d 219; State Insurance Fund et al. v. Sharp et al., 200 Okl. 579, 198 P.2d 431.

■ In the case of Stoldt Builders, Inc., et al. v. Thomas et al., Okl., 393 P.2d 875, p. 877, we said:

"* * * The impairment of a specific or 'scheduled' member of the body may not be considered in combination with the disability to an unclassified portion of the body in order to allow compensation for the aggregate condition on the basis of percentage of disability to the body as a whole. The classified and unclassified disabilities must be determined separately in accordance with the applicable statutory schedules. * * *"

See also, State Insurance Fund v. Sharp et al., supra; Special Indemnity Fund v. McWhorter et al., 200 Okl. 469, 196 P.2d 689; Falcon Seaboard Drilling Co. et al. v. McGehee, 198 Okl. 232, 177 P.2d 127.

The rule above set forth does not apply where an unclassified injury, when considered in combination with the loss of other

# 510

members, results in total disability. Stoldt Builders, Inc. v. Thomas, supra; Special Indemnity Fund v. Harmon et al., 200 Okl. 358, 194 P.2d 869.

The award is vacated and the cause remanded to the State Industrial Court with directions to conduct further hearings and determine separately the extent of each classified and unclassified impairment according to the applicable statutory schedules.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS, JACKSON and IRWIN, JJ., concur.