SPECIAL INDEMNITY FUND v.
McMILLIN èt al.

No. 31975.   April 8, 1947.

*179 P. 2d 475.*

Mont R. Powell, T. D. Lyons, and L. B. Moore, all of Oklahoma City, for petitioner.

Claude Briggs, of Oklahoma City, for respondent.

OSBORN, J.   This is an original proceeding brought by Special Indemnity Fund, administered by the State Insurance Fund, to review an award made by a trial commissioner and affirmed on appeal by the State Industrial Commission, to Jesse E. McMillin.

Relevant facts are that McMillin was employed as a ginner at a cotton gin owned by the Chickasha Cotton Oil Company, located near Lone Wolf, in Kiowa county. On October 20, 1943, McMillin's left knee was injured in the course of his employment by a bale of cotton falling upon it. At the age of two years McMillin had received an injury to his left eye, resulting in the total loss of the sight of said eye. After receiving the leg injury on October 20, 1943, McMillin filed a claim for compensation against the Chickasha Cotton Oil Company, making the Special Indemnity Fund a party thereto. Upon a hearing the trial commissioner found that McMillin was a physically impaired person within the purview of 85 O. S. Supp. 1943 §§ 171-176; Session Laws 1943, p. 258; that as a result of his accident in childhood McMillin had suffered a total loss of vision in the left eye; that by the injury of October 20, 1943, he sustained a 20 per cent loss of the use of his left leg; that by reason of both injuries he had suffered 60 per cent permanent partial disability, and made an award of $630 against the Chicakasha Cotton Oil Company on account of the 20 per cent permanent partial disability to the left knee, and an award of $4,770 against the Special Indemnity Fund by reason of the combination of the two injuries.

Special Indemnity Fund asserts, and claimant admits, that in computing claimant's disability the trial commissioner added to the 100 per cent disability of the left eye the 20 per cent permanent partial disability to the left leg, divided the sum by two, thus establishing claimant's disability at 60 per cent, and multiplied the result by 500 weeks. Special Indemnity Fund insists that this method of computation is erroneous, and produces a result not sustained by any competent evidence, or justified by the facts.

In the instant case the evidence shows that claimant, despite the loss of his left eye in childhood, was, prior to the leg injury of October 20, 1943, able to do and did a man's work, and drew, as he testified, higher wages therefor than those paid to other employees of the gin company. So far as the record shows, the loss of his eye did not in any manner or to any extent actually

disable him. While physicians testified that he had an additional disability over and above the leg disability, due to the loss of his eye, they did not testify to what extent, if any, the combination of the two injuries would additionally disable the claimant from performing manual labor. The record is entirely barren of any evidence tending to prove that the combination of the two injuries would result, or actually did result, in a degree of disability materially greater than that which resulted from the subsequent injury alone. From the record it plainly appears that the finding of the commission as to the extent of claimant's disability was not based upon any competent evidence or any independent judgment, but resulted solely from the arbitrary mathematical calculation made by the trial commissioner and approved by the commission.

We think the method of computation of disability was erroneous notwithstanding the fact that we have heretofore approved such method in numerous cases. The record before us well illustrates the injustice which such arbitrary mathematical rule permits. The arbitrary rule not only results in injustice to employers and their insurance carriers, in some instances, but also, when applied in extreme cases, results in injustice to claimant. It is obvious that the degree of disability resulting from the combined effect of injuries to two members of the body may not be accurately reflected by the application of any set rule or formula. The degree of disability in each case necessarily depends upon the nature and extent of the injuries, the members or parts of the body affected thereby, and the occupation of the injured workman. Thus, a workman having a 60 per cent disability to a hand, and thereafter receiving a 60 per cent disability to his other hand, might, by the very nature and effect of such injuries, be totally and permanently disabled from performing ordinary manual or mechanical labor. Another workman having a 50 per cent disability to any eye, and thereafter suffering a 10 per cent disability to a hand or other member of the body,

might not be actually materially disabled to a greater degree than that caused by the latter injury. The mathematical formula used in the instant case would not correctly reflect the actual degree of disability in either case. In the first case it would do an injustice to the claimant; in the latter, to the employer.

It must necessarily be true that in each case of this nature coming before it, the commission, in determining the degree of additional disability resulting from the combined injuries, must seek and find an important fact, to wit: considering the two injuries, what degree of disability exists, based upon the right of the workman to be paid on the basis of permanent and total disability? The commission may, and should, take expert and other evidence in this regard and should base its conclusion and finding thereon predicated upon a preponderance of the evidence, and by using and calling to its assistance its own general knowledge and experience as men of common understanding and judgment. The award should reflect the actual degree of disability resulting from the combination of the two injuries rather than the arbitrary theoretical disability resulting from the combination of mathematical percentages.

We think the correct rule was laid down by this court in the early case of Maryland Casualty Co. v. State Industrial Commission, 139 Okla. 302, 282 P. 293, wherein we said:

"It is not a mathematical problem, as contended by petitioners. It is not to be solved by adding up the fractional parts but upon the basis of the percentage of total and permanent disability reasonably found to be produced by the injuries to both eyes considered collectively and with due regard to their cumulative effect."

In Wetherbee Electric Co. v. Carmichael, 194 Okla. 121, 148 P. 2d 188, we called attention to the rule used by the commission herein, and therein specifically modified and disapproved

414

the cases of Oklahoma City v. State Industrial Commission, 147 Okla. 261, 298 P. 577, and American Tank Co. v. State Industrial Commission, 153 Okla. 117, 5 P. 2d 137, "and other cases following same." Therein we said:

"It is manifest, however, that the mathematical formula cannot be properly applied in all cases so as to effectuate justice. An illustration will serve to point out the fallacy. For instance, an injured person may have a disability of 90 per cent in one leg and a disability of 70 per cent in another leg. Thus, by the mathematical formula, he would have only 80 per cent total disability, whereas, considering the cumulative effect of his injuries, the commission might determine that he was totally disabled. As the seriousness of the injuries to two members increases, his approach to the condition of total disability does not remain constant, but it may be obviously accelerated.

"Hence, it is apparent that our language has been too broad in applying said formula. But if the commission, in determining the amount of claimant's disability, sees fits to apply said formula as a fair and just means of determining the question presented for its determination, said findings, if supported by evidence, would not be disturbed by this court. To the commission is committed the determination of the degree of disability of a claimant, and whatever reasonable means it may apply to aid it is permissible. Herein, the commission, based upon competent testimony, found that the claimant sustained a greater percentage of disability than his several injuries, considered separately, would authorize under the strict application of said formula. The medical testimony supports the conclusion of the commission that he is 50 per cent disabled. Said finding will not be disturbed by this court."

We adhere to the rule announced in the Maryland Casualty Company and the Wetherbee Electric Company Cases.

For these reasons we are of the opinion that the award of the Industrial Commission herein is erroneous, and same is vacated, with directions to the Industrial Commission to proceed in conformity with the views herein expressed.

HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, WELCH, CORN, GIBSON, and ARNOLD, JJ., concur.