SPECIAL INDEMNITY FUND v.
GEORGE et al.

No. 32336. April 23, 1947.

*179 P. 2d 919.*

Mont R. Powell, Thomas D. Lyons, and L. B. Moore, all of Oklahoma City, for petitioner.

Leo J. Williams and James R. Eagleton, both of Oklahoma City, for respondent.

PER CURIAM. This is an original proceeding brought by Special Indemnity Fund of the State of Oklahoma, administered by the State Insurance Fund, to review an award against it made by the State Industrial Commission to A. E. George.

From the record it appears that George was injured on March 2, 1945, by falling from a platform some eight or ten feet high, injuring his right elbow and right thumb. At the time of the injury he was engaged in a hazardous occupation. Previous to the injury above mentioned he had received injuries to both hands, and as a result of all of said injuries suffered permanent disability. Testimony of physicians as to the extent of his permanent disability as the result of the combined injuries varied, ranging from total permanent disability to 73 per cent permanent partial disability.

Upon an appeal from the award made by the trial commissioner, the Industrial Commission, sitting en banc, after finding that the claimant was injured while engaged in a hazardous occupation, and the rate of compensation to which he was entitled, made the following findings:

"That at the time of said injury on March 2, 1945, to the right arm, the claimant was a 'Physically Impaired Person' under the Workmen's Compensation Law, as a result of an injury in 1917 to the left hand; as a result of an injury in 1918 to his left hand; as a result of an injury in 1918 to his right hand, and that the combination of all of said injuries herein mentioned is materially greater than resulted from the injury of March 2, 1945, and that as a result of said injuries, the claimant is now suffering from 80 per cent permanent partial disability to the right hand, and 35 per cent permanent partial disability to the left hand, which disabilities considered together constitute 57½ per cent permanent partial disability to the body as a whole, and that the Special Indemnity Fund shall pay to claimant compensation for 287½ weeks at $10.67 per week, or the total sum of $3,067.63.

"That as a result of the injury of March 2, 1945, to claimant's right arm, he sustained 20 per cent permanent partial disability to said arm, for which he is entitled to compensation for 50 weeks at $10.67 per week, or the total sum of $533.50, which award should be commuted to a lump sum and paid to the claimant herein."

Petitioner complains that by the findings above set forth the Industrial Commission made a specific award against it for the injuries sustained by claimant prior to the injury received by him on March 2, 1945, and that the commission erred in so doing. We think this contention is well taken.

In making an award for multiple in-

458

juries, the commission should follow the method outlined in Special Indemnity Fund v. McMillin, 198 Okla. 412, 179 P. 2d 475, and from the competent evidence find the percentum of total permanent disability resulting from the combination of all injuries suffered by claimant, and the percentum of such disability caused by the last injury. The employer would be liable only for the percentum of disability resulting from the last injury, and the remainder, after deducting the amount for which the employer is liable, should be charged against the Special Indemnity Fund. Special Indemnity Fund v. Farmer, 195 Okla. 262, 156 P. 2d 815; Special Indemnity Fund v. Hobbs, 196 Okla. 318, 164, P. 2d 980.

From the findings above set forth it appears that in the instant case the Industrial Commission computed separately the permanent partial disability suffered by the claimant from his earlier injuries, for which it awarded compensation against the Special Indemnity Fund, and then computed the percentum of disability to claimant's right arm due to the specific injury of March 2, 1945, for which it made a separate award against the employer. It made no finding as to the extent or percentum of total permanent disability resulting from all injuries combined.

The award is vacated, with instructions to the commission to consider the evidence anew and make an award to claimant based upon the percentum of total permanent disability sustained by him as a result of all his injuries, deduct therefrom the percentum of such disability it shall find is due to the injury of March 2, 1945, and make a proper award against the employer and the Special Indemnity Fund in accordance with the method above stated.

HURST, C.J., DAVISON, V.C.J., and OSBORN, BAYLESS, WELCH, CORN, GIBSON, and ARNOLD, JJ., concur.