SPECIAL INDEMNITY FUND v. DRYE et al.

No. 32365.   Jan. 6, 1948.

*188 P. 2d 359.*

Mont R. Powell, Don Anderson, and Thomas D. Lyons, all of Oklahoma City, for petitioner.

Hatcher & Hatcher, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought in this court by Special Indemnity Fund to review an order of the State Industrial Commission made and entered by a trial commissioner awarding compensation to respondent Wallace Drye. An award was also entered against Kerlyn Oil Company, employer of respondent, and American Motorist Insurance Company, its insurance carrier.

The only evidence offered at the hearing consisted of the testimony of respondent and the reports of several physicians then on file relative to the disability sustained by respondent by reason of his injury.

Respondent testified that on April 23, 1945, while in the employ of Kerlyn Oil Company and while engaged in breaking a frozen drill collar, the tongs he was then using broke and particles thereof hit him on the leg causing some disability thereto; that after receiving his injury he was treated by Dr. Gardner for several days and then transferred to a hospital in Guthrie; that he remained at the hospital where he was treated by Dr. Green until June 4, 1945, when he was discharged, but that his leg continued to pain him and he was unable to continue in his work; that he was paid $90 compensation for temporary disability. He further testified that about 19 years prior to this he lost the use of his left eye in an accident.

The only evidence as to the extent of disability sustained by respondent by reason of his injury consisted of the written reports on file by Drs. White and Graening, which reports were admitted in evidence by agreement. Neither Dr. Gardner nor Dr. Green testified at the hearing. Dr. White in his report stated that he first saw and examined respondent on July 23, 1945; that he obtained a history of the case from respondent and upon such history and his examination found that respondent had sustained a disability to his leg by reason of his injury received on the 23rd day of April, 1945, and that in his opinion the disability amounted to 5 per cent permanent partial loss of use of his leg. Dr. Graening in his report stated that in his opinion respondent had sustained no disability whatever by reason of his injury.

Upon this evidence the trial commissioner, after finding that respondent, on April 23, 1945, while in the employ of Kerlyn Oil Company, sustained an accidental personal injury arising out of the employment consisting of an injury to his right leg; that as a re-sult of said injury he sustained a 3 per cent permanent partial disability to the right leg for which he is entitled to compensation for 5 1-4 weeks at $18 per week, or the sum of $94.50, and that by reason of a prior injury he lost his left eye, further found:

"That a combination of both of said injuries is materially greater than the disability resulting from the last injury alone, and that by reason of the loss of said eye, the claimant is entitled to compensation therefor, for 100 weeks at $18 per week, the total sum of $1,800, to be paid by the Special Indemnity Fund."

Special Indemnity Fund challenges the award on the ground that it is not supported by the evidence and is contrary to law. It is specifically urged that there is no evidence tending to show that respondent by reason of both injuries sustained any disability materially greater in degree than he would have sustained by the last injury alone; that the commission awarded compensation against it for the specific disability sustained by respondent by reason of his prior injury, the loss of the eye; that there is no authority under the statute to enter such an award. 85 O. S. 1943 Supp. §172.

We think this contention well taken. Special Indemnity Fund v. George, 198 Okla. 457, 179 P. 2d 919; Special Indemnity Fund v. McMillin, 198 Okla. 412, 179 P. 2d 475.

There is no evidence in the record which tends to show that respondent by reason of both injuries sustained a disability materially greater in degree than he would have sustained by reason of his last injury alone. And as pointed out in the case of Special Indemnity Fund v. Bonner, 198 Okla. 491, 180 P. 2d 191, there is no connection between the leg injury and the eye injury. The leg injury does not increase any previous disability to the eye and the combination of the pre-

vious disability with the disability to the leg does not increase the degree of respondent's disability.

The evidence furnishes no basis for an award against the Special Indemnity Fund.

Award vacated.

HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, CORN, and LUTTRELL, JJ., concur. GIBSON and ARNOLD, JJ., concur in conclusion.