SPECIAL INDEMNITY FUND
v. URBAN et al.

No. 33636. March 29, 1949.

*204 P. 2d 537.*

Mont R. Powell and Anthony B. Kane, both of Oklahoma City, for petitioner.

Shapard & Wallace, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

ARNOLD, V.C.J. This is an original proceeding brought by Special Indemnity Fund to review an award of the State Industrial Commission awarding compensation to respondent. Henry B. Urban. An award was also entered against H. W. Snowden Oil & Gas Company, employer of respondent, which award was thereafter settled on joint petition settlement and we are here concerned only with the award as against Special Indemnity Fund.

The undisputed evidence establishes the following facts: That respondent, on August 8, 1946, while in the employ of H. W. Snowden Oil & Gas Company and engaged in a hazardous employment, sustained an accidental personal injury arising out of and in the course of his employment consisting of an injury to his right foot and back (vertebrae) which resulted in a 50 per cent permanent partial disability to the foot; that respondent at the time was a physically impaired person in that many years prior thereto and while in childhood he sustained the loss of use of his right eye.

Respondent, however, in effect, testified that the loss of the use of his eye did not in any manner actually disable him from performing ordinary manual labor; that notwithstanding such disability, ever since he was old enough to do so, he has without difficulty performed manual labor; that he has received top wages for his services and that he has continued to satisfactorily perform such labor until he sustained the injury to his foot on August 8, 1946, since which time he has not been able to perform ordinary manual labor.

Medical experts agree that respondent, as a result of his injury sustained on August 8, 1946, sustained an injury to his right foot which resulted in a 50 per cent permanent partial loss of use of the foot; they also agree that he was at that time a physically impaired person in that as a result of an early accident he had lost his left eye. The experts also stated in their opinion that as a result of respondent's injury to his eye, he is entitled to additional disability rating ranging from 10 to 20 per cent. One of these experts also testified that as a result of both injuries, that is, the injury to the eye and the foot, respondent has sustained a 75 per cent permanent partial disability to the body as a whole.

The trial commissioner held the above evidence insufficient to sustain an award against Special Indemnity Fund and dismissed the claim as to it.

The award was vacated on appeal to the commission sitting as a whole, which, after finding that respondent, on August 8, 1946, while in the employ of H. W. Snowden Oil & Gas Company, sustained an injury to his right foot which resulted in a 50 per cent permanent partial disability to the foot; that respondent was at that time a physically impaired person in that as a result of a prior accident he sustained the loss of his left eye; that as a result of both injuries his disability was materially greater in degree than he would have sustained as a result of his last injury alone, and that as a result of both injuries he sustained a 45 per cent permanent partial disability to the body as a whole, entered an award against the Fund.

The fund contends that the award as entered by the commission is not sustained by the evidence and is contrary to law. In this connection it is asserted that there is no competent evidence to sustain the finding of the commission that respondent, as a result of both injuries, sustained a disability materially greater in degree than that which he would have sustained from the last injury alone. It is contended that the evidence shows that respondent's present disability is due to the

last injury alone. With this contention we do not agree.

The testimony conclusively establishes that there exists a 50 per cent permanent, partial disability to the foot. According to the schedule the compensation therefor is 75 weeks. One doctor testified that the combined disability resulting from the two injuries, the old to the eye and the new to the foot, amounts to 75 per cent permanent, total disability. These injuries are combinable under certain circumstances, under the Workmen's Compensation Law, and the combined disability thereof may be compensated under the Special Indemnity Fund Act if the combined disability is materially greater than the disability would have been from the new compensable injury standing alone.

The employer pays according to the schedule for the latter injury and the Special Indemnity Fund pays for the remaining portion of the combined disability less the part thereof existing by reason of the pre-existing old injuries which makes the claimant a physically impaired person. In other words, the Special Indemnity Fund pays for the disability which results alone from combination. The commission in this case found that the claimant had a disability of 45 per cent by combination of both injuries to the body as a whole. This finding is within the medical testimony on the point and is therefore sustained by the evidence. This disability according to the schedule would entitle the plaintiff to 225 weeks' compensation. When you subtract 50 per cent for a foot or 75 weeks from the 225, and subtract 100 weeks which represents the total loss of vision of the eye, you have a balance of 50 weeks which represents, under the finding of the commission, the disability which resulted from combination of the two injuries. This constitutes a material increase and demonstrates that the finding of the commission and award against the Special Indemnity Fund is sustained by competent evidence.

These figures show that a material increase in the degree of disability now sustained by claimant resulted directly from the latter injury and it was the intention of the Legislature that such material increase should be borne by the Special Indemnity Fund.

Special Indemnity Fund v. McMillin et al., 198 Okla. 412, 179 P. 2d 475; Special Indemnity Fund. v. Bonner et al., 198 Okla. 491, 180 P. 2d 191; and Special Indemnity Fund v. Drye et al., 199 Okla. 553, 188 P. 2d 359, relied on by petitioner, are so factually dissimilar as to be of no help in determining the issue presented here.

Award sustained.

DAVISON, C.J., and WELCH, CORN, LUTTRELL, JOHNSON, and O'NEAL, JJ., concur. GIBSON, J., dissents.

———

GIBSON, J. (dissenting). In my opinion, the combination of the old and new injuries, provided for in the Special Indemnity Fund Act, 85 O. S. Supp. 1947 §172, is not for the purpose of adding together the per centum of disability of each of said injuries so that the total of the disabilities may be translated into the degree of permanent partial disability to "the body as a whole." I think it was intended that the old and new injuries should be considered by the Industrial Commission in combination so that the relation of the injuries, one to the other, and the effect of the old injury upon the new might be determined and the degree of increased disability to the member injured in the last accident due to the effect of the old injury upon the new also determined as the basis for an award against the Special Indemnity Fund. This is in accord with our holding in Special Indemnity Fund v. McMillin, 198 Okla. 412, 179 P. 2d 475; Special Indemnity Fund v. Bonner, 198 Okla. 491, 180 P. 2d 191, and Special Indemnity Fund v. Drye, 199 Okla. 553, 188 P. 2d 359.

There being no evidence of such increased disability to claimant's foot, I am of the view that the award against the Special Indemnity Fund should be vacated.