SPECIAL INDEMNITY FUND v. BRAMLETT et al.

No. 32920.   May 31, 1949.

*206 P. 2d 972.*

. Mont R. Powell and Anthony B. Kane, both of Oklahoma City, for petitioner.

Miskovsky, Riley & Miskovsky and Beatrice Bramlett, all of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

GIBSON, J. In this case the Special Indemnity Fund, hereinafter referred to as the Fund, seeks to review and vacate an order of the State Industrial Commission awarding compensation to respondent, A. F. Bramlett. An award was also made against Luper Transportation Company, employer of respondent, and its insurance carrier.

The trial commissioner, in substance, found that on the 24th day of June, 1944, respondent, while in the employ of Luper Transportation Company, sustained an accidental personal injury arising out of and in the course of his employment consisting of an injury to his right eye, right leg and right side, and scarring of the face around the eye. That as a result of such injury he sustained a 50 per cent loss of vision of the right eye; that respondent was then a physically impaired person in that as a result of a previous injury he had sustained the loss of use of his left eye; that as a result of both injuries he sustained a 75 per cent permanent partial disability to his body as a whole. The commissioner further found that the employer, Luper Transportation Company, had secured the payment of compensation benefits to its employees by obtaining guaranty insurance from the Postal Mutual Indemnity Company of Dallas, Tex. Upon such findings an award was entered by the trial commissioner against Luper Transportation Company and its insurance carrier in the sum of $900, and against the Fund in the sum of $5,850. The award was sustained on appeal to the commission en banc.

The Fund contends that the finding and award of the commission is not sustained by the evidence and is contrary to law.

It is urged that the evidence is wholly insufficient to sustain the finding of the commission that the Luper Transportation Company, employer of respondent, had secured compensation payments by obtaining guaranty insurance, and that the commission was without authority to enter an award against the Fund but that the entire award should have been assessed against Luper Transportation Company.

The record discloses that respondent sustained his last injury on June 24, 1944. His right to participate in the Special Indemnity Fund is therefore governed by the 1943 Act, chap. 8, 85 O. S. 1943 Supp. Section 172 of that Act, after providing that a physically impaired person who sustains a subsequent accidental injury compensable under the Workmen's Compensation Act shall receive full compensation for the disabil-

ity sustained as a result of his combined injuries, and that the employer shall be liable for the percentum of disability sustained by the last injury alone and that the Fund shall be liable for the balance, further provides:

" ., . . . provided, however, the provisions and benefits of this Act shall not be available to any employee, who is a 'physically impaired' person, and who is employed by an employer as defined by the Workmen's Compensation Law who shall fail to secure the payment of compensation benefits as required by law, but such employee shall not be precluded from receiving compensation for a later injury while employed by such employer, as is now provided by law, all of such benefits to be paid by such employer, aforesaid; . . . "

85 O. S. 1941 §61 provides that an employer shall secure compensation to his employees in one of the following ways:

"(b) By obtaining and keeping in force guaranty insurance with any company authorized to do such guaranty business in this State; . . ."

The record discloses that prior to the time the award herein was made a previous hearing was held before a different trial commissioner, at which hearing counsel who then appeared for the employer, Luper Transportation Company, agreed and stipulated that the company had failed to secure compensation for its employees and also failed to secure an own risk permit from the commission. The trial commissioner thereupon dismissed the case as against the Fund and made an award against the employer, Luper Transportation Company, for the entire disability sustained by the respondent as a result of his combined injuries.

An appeal was thereafter taken by the employer from such award to the commission en banc. At the hearing on appeal different counsel appeared on behalf of the employer and presented a motion to vacate the order of the trial commissioner and to reassign the case for further hearing. The motion was predicated on the ground that at the time of the last accidental injury it had in force and effect a guaranty insurance policy issued by the Postal Mutual Indemnity Company of Dallas, Tex., which it contended constituted guaranty insurance within the meaning of the statute. The motion was granted and the case reassigned for further hearing.

The employer at the present hearing introduced in evidence an insurance policy issued by the Postal Mutual Indemnity Company which it relied upon to sustain its contention that it had secured compensation insurance for its employees and insisted that the furnishing of such policy constituted guaranty insurance. The statute does not definitely define the term "guaranty insurance". We have, however, been referred by the Fund to 18 O. S. 1941 §481, for a definition of the term. This section, in substance, provides that any corporation, incorporated under the laws of the United States or any state, when qualified so to do, may engage in the business of guaranteeing the faithful performance of certain undertakings and obligations therein mentioned. Section 482 provides the manner in which a corporation may be qualified to transact such business in the State of Oklahoma. It must obtain a permit from the State Insurance Commissioner authorizing it to engage in such business and in order to obtain such permit it must comply with the conditions therein specified.

Postal Mutual Indemnity Company, alleged insurance carrier herein, did not apply for nor was it granted a permit by the State Insurance Commissioner to transact business in the State of Oklahoma such as is mentioned and specified in section 481, supra. It made no attempt to show that it had qualified so to do under section 482. It made application for and was granted a permit to write accident and health insurance in the state. A permit was granted it and a license was issued authorizing it to engage in such business.

The policy introduced in evidence is termed "Employer's Safeguard Policy." It is a group accident insurance policy covering employees of Luper Transportation Company employed in this and other states, and provides for the payment of indemnities to employees of that company, whether engaged in hazardous or nonhazardous employment, resulting from accidental injuries subject to certain conditions, limitations and restrictions contained in the policy. It does not purport to secure the payment of compensation benefits to employees under the Workmen's Compensation Act of this state. Section 64 of 85 O. S. 1941 provides that every policy of insurance issued by any concern authorized to transact Workmen's Compensation Insurance in the State of Oklahoma shall contain, in substance, the following provisions: (1) a provision setting forth the right of the State Industrial Commission to enforce the liability of the insurance company; (2) a provision that notice to the employer is notice to the insurance company; (3) a provision that jurisdiction of the employer shall be considered jurisdiction of the insurance company; (4) a provision that the insurance company shall be bound by any findings, decisions and awards rendered against the employer for payment of compensation under the Act; (5) a provision that insolvency of the employer does not relieve the insurance company from liability during the life of the policy.

The policy under consideration does not contain any of these requirements.

The policy provides for the payment of benefits to the employees of Luper Transportation Company who sustain injuries while in its employ. It provides for payment of weekly benefits for the number of weeks specified in parts (b) and (c) of the policy. Under part (b) where an employee sustains an injury resulting in the total loss of either a specific major or minor member he is entitled to receive weekly benefit payments for the same number of weeks'

compensation as is payable for a like injury under the Workmen's Compensation Act of this state (85 O. S. 1941 §22). Under paragraph (c) weekly benefits are payable to an employee who sustains an injury resulting in permanent total disability not to exceed 500 weeks whether the disability results from specific or nonspecific injury. Where injury results in permanent partial disability weekly benefits are payable for the number of weeks for which compensation is allowed under our Compensation Act for like disability. No benefits are payable under the policy for temporary total disability resulting from specific member injuries. The rate upon which weekly benefits are payable are such as are specified in certificates of insurance, which certificates each employee is required to secure, sign and have attached to the policy, which rate is determined by the insurer according to the kind of work the employee is required to do and ranges from a maximum of $18 per week to a minimum of $6 per week.

There is, however, attached to the policy a rider applicable only to employees of the State of Oklahoma which fixes the rate of compensation at 66 2/3 per cent of net earned income not to exceed $18 per week, nor less than $8 per week, subject to the terms and conditions of the policy. The rider contains the following endorsement:

"This Endorsement (Schedule and Table of Coverage and Scale of Wage and amount of Insurance) takes precedence over anything to the contrary in the Master Policy and all Present and Future Individual Certificates of Insurance, but in all other respects the terms, provisions and agreements remain unchanged."

The following injuries sustained by employees are not covered by the policy: (1) accidental injuries caused by bodily and mental infirmities of employee; (2) injury caused by having been in or on any vehicle or device of aerial navigation; (3) injury sustained

while hauling or handling explosives; (4) benefits payable to maimed or crippled persons are limited to disability sustained as the result of last injury alone; (5) employees under the age of 17 and over the age of 65 are not covered by the policy unless application for their employment is made, received and approved by the insurer and certificates issued by it authorizing the employment. No employee is covered by the policy unless he first obtains and signs a certificate of insurance and has the same attached thereto. Other conditions are contained in the policy limiting benefit payments which conditions are wholly inconsistent with the provisions of the Workmen's Compensation Act. There is nothing contained in the policy which would indicate that the insurer, Postal Mutual Indemnity Company, had submitted itself to the jurisdiction of the State Industrial Commission so as to authorize that body to enter an award against it.

We think it clear that the policy under consideration does not guarantee payments of compensation to injured employees as provided by the Workmen's Compensation Act of this state, and does not therefore constitute guaranty insurance within the meaning of subdivision (b), section 61 of the statute, supra. This section simply means that a corporation which is authorized to do a guaranty business in this state as provided by sections 481, 482, supra, is also authorized to engage in the business of guaranteeing payments of compensation under the Workmen's Compensation Act.

Since the employer of respondent has failed to provide compensation insurance for its employees, the commission was without authority to make an award against the Fund for any part of the compensation respondent was entitled to recover, but the entire amount thereof should have been assessed against the employer, Luper Transportation Company. 85 O. S. 1943 Supp. §172; Starr Coal Co. v. Evans, 199 Okla. 342, 184 P. 2d 638.

It is also contended that the evidence is insufficient to sustain the finding of the commission that as a result of his combined injuries respondent sustained a 75 per cent permanent partial disability to the body as a whole. The medical evidence amply sustains the finding of the commission as to first and last injury disabilities. There is, however, no medical testimony which tends to establish the degree of disability sustained by respondent as the result of his combined injuries. The finding of the commission in this respect cannot, therefore, be sustained. Special Indemnity Fund v. McMillin, 198 Okla. 412, 179 P. 2d 475; Special Indemnity Fund v. George, 198 Okla. 457, 179 P. 2d 919.

Counsel for respondent in their brief agree with the contention of the Fund that the record clearly reflects the Luper Transportation Company, employer of respondent, did not carry Workmen's Compensation insurance and had not qualified to assume its own risk. It is, however, contended by counsel in the event the award be vacated as to the Fund this court should order that the entire amount of the award be reinstated as against the employer, Luper Transportation Company. We cannot do this, in the circumstances of this case.

Award vacated as to all parties and the cause remanded to the State Industrial Commission for further proceedings in accordance with the views herein expressed.

LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur.