MERRICK et al. v. BLACKMAN et al.

No. 32976.   June 28, 1949.

*207 P. 2d 942.*

Butler & Rinehart, of Oklahoma City, for petitioners.

Champion, Champion & Wallace, of Ardmore, and Mac Q. Williamson, Atty. Gen., for respondents.

Mont R. Powell, Don Anderson, and Thos. D. Lyons, all of Oklahoma City, for respondent and cross-petitioner Special Indemnity Fund.

JOHNSON, J.   In this case Ward S. Merrick and Consolidated Underwriters, petitioners, seek to vacate an award of the State Industrial Commission awarding compensation to respondent, Glenn T. Blackman.   An award was also entered in favor of respondent against the Special Indemnity Fund, hereinafter referred to as the Fund.

554

The Fund by way of cross-appeal seeks to vacate the award made against it.

The trial commissioner found that on September 4, 1946, respondent, while in the employ of petitioner, Ward S. Merrick, sustained an accidental injury arising out of and in the course of his employment consisting of an injury to his right foot; that as a result of said injury claimant sustained a 40 per cent permanent partial disability to his right leg (evidently meaning right foot), and upon such finding entered an award against petitioners for compensation on the basis of 40 per cent permanent partial disability to the foot. The commission further found that at the time respondent sustained his last injury, he was a physically impaired person in that in early childhood he lost the sight of his left eye; that as a result of both injuries his disability was materially greater than that which he sustained by the last injury alone, and that as a result of his combined disabilities he sustained a 70 per cent permanent partial disability to his body as a whole, and after allowing deductions as provided by 85 O. S. 1945 Supp. §172, entered an award against the Fund accordingly.

Petitioners contend that there is no competent evidence to sustain the finding of the commission that respondent, as a result of his September 4, 1946, injury sustained a 40 per cent permanent partial disability to his foot.

The evidence is undisputed that respondent while in the employ of petitioner, Ward S. Merrick, as a roughneck around an oil drilling rig and while engaged in beating a drill bit with a hammer, particles of steel escaped therefrom and lodged in his right leg just below his knee, and that as a result of such injury he sustained some disability to the right leg or foot.

It is conceded by counsel that an injury to the leg below the knee under the statute, 85 O. S. 1941 §22, par. 3 of subd. 3, constitutes an injury to the foot.

The only other evidence offered in the case consists of evidence and statements of four different physicians as to the extent of disability sustained by respondent as a result of this injury. It is agreed by all parties and physicians that at the time respondent sustained his last injury he was a physically impaired person in that he had theretofore lost the sight of his left eye. Two physicians testifying as to the extent of disability stated that respondent, as a result of the injury of September 4, 1946, sustained no permanent disability whatever. Another physician testified that he examined respondent on November 7, 1946; that he obtained a history of the injury sustained on September 4, 1946, and found as a result of such injury respondent received a large piece of steel which penetrated in the lower right leg. The physician advised an operation and strongly urged that the piece of steel be removed, and stated that until such operation was performed he would be unable to estimate the permanent disability, if any, sustained by respondent as a result of such injury.

Dr. Johnson, testifying in behalf of respondent, stated that after obtaining a history from respondent as to the injury of September 4, 1946, he made an examination and discovered that a piece of steel about two inches below the knee joint was pressing against the tibial nerve; that the pressure produced so much pain that Mr. Blackman is incapacitated to the extent of 75 to 80 per cent, *or practically all of his former occupation,* that of a "roughneck" for a driller, or any other occupation that would necessitate bending of the body, or lifting or climbing.

It is conceded by respondent that the above evidence is the only medical or expert evidence offered by him tending to show the extent of disability sustained as a result of the injury of September 4, 1946.

It is contended by petitioners that this evidence is wholly insufficient to authorize or justify a finding that re-

spondent as a result of such injury sustained a 40 per cent permanent partial disability to the foot. With this contention we agree. We can see or find no basis in the evidence upon which the commission could have made such finding.

The only conclusion which, in our opinion, can be reasonably drawn from the evidence of the expert witness relied upon is that in his opinion respondent, as a result of his last injury, sustained a 75 to 80 per cent permanent partial disability to his body as a whole. This evidence is wholly insufficient to sustain a finding of the commission that respondent, as a result of such injury, sustained a 40 per cent permanent partial disability to his foot, and thus making such finding a basis for calculating the percentum of permanent disability sustained by respondent to his body as a whole as a result of his combined injuries.

Special Indemnity Fund in its cross-appeal contends that there is no competent evidence to sustain the finding of the commission that respondent, as a result of his combined disabilities, sustained a 70 per cent permanent partial disability to the body as a whole.

No expert or medical testimony was offered, nor has any expert witness expressed any opinion whatever as to the degree of disability sustained by respondent as a result of his combined injuries. There is therefore no basis in the evidence upon which the commission could have made such finding. It is apparent that the commission arrived at this finding and conclusion by merely adding together the 100 per cent loss to the left eye and 40 per cent permanent partial disability to the foot and divided the result by two and thus arrived at its conclusion. We reach this conclusion since there is no possible way under the evidence in which the commission could have arrived at such result. This method of calculating compensation is not permissible. Special Indemnity Fund v. McMillin, 198 Okla. 412, 179 P. 2d 475;

Special Indemnity Fund v. George, 198 Okla. 457, 179 P. 2d 919.

Award vacated as to all parties for further proceedings in accordance with the views herein expressed.

DAVISON, C.J., and WELCH, CORN, GIBSON, LUTTRELL, HALLEY, and O'NEAL, JJ., concur. ARNOLD, V.C.J., concurs in result.