**BRAMLETT v. LUPER TRANSP. CO. et al.**

No. 35341.

Supreme Court of Oklahoma.

April 21, 1953.

Rehearing Denied July 14, 1953.

Beatrice Bramlett and Miskovsky & Miskovsky, Oklahoma City, for petitioner.

Kerr. Lambert, Conn & Roberts, Ada, Looney, Watts, Ross, Looney & Smith, Oklahoma City, Mac Q. Williamson, Oklahoma City, for respondents.

JOHNSON, Vice Chief Justice.

This is the second time this case has been before this Court on appeal. Special Indemnity Fund v. Bramlett, 201 Okl. 415, 206 P.2d 972, 976. The substance of the Commission's findings and order in the case which was considered by us therein was that the Commission found that on the 24th day of January, 1944, petitioner, while in the employ of Luper Transportation Company sustained an accidental injury to his right eye resulting in a 50 percent loss of the vision of that eye; that he was then a physically impaired person in that he had previously sustained complete loss of his left eye, that as a result of both injuries he had sustained a 75 percent permanent partial disability to his body as a whole and awarded compensation against the employer for the injury to his right eye, and awarded the balance of compensation to which petitioner was entitled against the Special Indemnity Fund. At the final hearing it was shown that the Luper Transportation Company had obtained a group accident insurance policy covering its employees in this and other states which it contended constituted compensation insurance within the meaning of the Workmen's Compensation Law, 85 O.S. 1951 § 1 et seq. Special Indemnity Fund contended to the contrary and asserted that since Luper Transportation Company, petitioner's employer, had failed to provide compensation insurance, the Commission, under the law as it then existed, was without authority to make an award against it for disability sustained by respondent but that the entire award should have been assessed against the employer, Luper Transportation Company.

In the first appeal claimant contended that if this Court should sustain the contention of Special Indemnity Fund, then it should order that the amount of the award

against the Special Indemnity Fund be awarded against his employer, Luper Transportation Company.

In Special Indemnity Fund v. Bramlett, supra, in passing upon these contentions, we said:

"(1) Since the employer of respondent has failed to provide compensation insurance for its employees the Commission was without authority to make an award against the Fund for any part of the compensation respondent was entitled to recover, but the entire amount thereof should have been assessed against the employer, Luper Transportation Company, 85 O.S.1943 Supp. § 172; Starr Coal Co. v. Evans, 199 Okl. 342, 184 P.2d 638.

"(2) It is also contended that the evidence is insufficient to sustain the finding of the Commission that as a result of his combined injuries respondent sustained a 75 percent permanent partial disability to the body as a whole. The medical evidence amply sustains the finding of the Commission as to first and last injury disabilities. There is, however, no medical testimony which tends to establish the degree of disability sustained by respondent as the result of his combined injuries. The finding of the Commission in this respect cannot, therefore, be sustained. Special Indemnity Fund v. McMillin, 198 Okl. 412, 179 P.2d 475; Special Indemnity Fund v. George, 198 Okl. 457, 179 P.2d 919.

"(3) Counsel for respondent in their brief agree with the contention of the Fund that the record clearly reflects the Luper Transportation Company, employer of respondent, did not carry Workmen's Compensation insurance and had not qualified to assume its own risk. It is, however, contended by counsel in the event the award be vacated as to the Fund this court should order that the entire amount of the award be reinstated as against the employer, Luper Transportation Company. We cannot do this, in the circumstances of this case.

"Award vacated as to all parties and the cause remanded to the State Industrial Commission for further proceedings in accordance with the views herein expressed."

Upon receipt of the mandate the Commission vacated its prior order and assigned the case for hearing before a trial commissioner who found that as a result of the injury sustained by petitioner on the 24th day of June, 1944, he sustained an injury to his right eye resulting in a 23.5 percent loss of vision of the eye; that he was then a physically impaired person in that as a result of prior injury he had sustained complete loss of vision of his left eye. He, however, made no finding as to the disability sustained by the petitioner as the result of the combined injuries to both eyes and entered an award in his favor for the injury to his right eye alone. The award was sustained on appeal to the Commission en banc. The record discloses that the Commission considered all hearings after receipt of the mandate as de novo and in its order stated:

"said hearings be considered de novo and all awards previously given said claimant are vacated and set aside."

Claimant makes three assignments of error which read as follows:

"a. That the State Industrial Commission erred in that it failed to award adequate compensation under the proof submitted and in accordance with a prior mandate of the Supreme Court.

"b. That said Commission failed and refused to make any finding of fact as to the percent of disability sustained by petitioner as a result of his combined injuries and an award therefor against the respondent Luper Transportation Company.

"c. That the Commission erred in setting said cause for hearing in Bryan County, Oklahoma, and permitting introduction of evidence and cross examination of witnesses over objection of this petitioner."

Claimant argues that the compensation awarded by the Commission is inadequate under the medical testimony sub-

mitted both in the beginning of the case (prior to the first appeal to this Court) and that introduced after the case was remanded to the Commission which is borne out by the testimony of competent practicing physicians, two of whom examined petitioner in 1944 and 1945; that Dr. W. K. Haynie and Dr. R. E. Sawyer's reports filed in the cause with the Commission showed a disability of from 90 percent to 95 percent as a result of the combined injuries to both eyes, and both state that claimant is totally industrially blind; that Dr. J. R. Huggins testified that only when claimant cocked his head to the left could he get the visional part of the right eye in a position to see; that this testimony was undisputed; that the percentage of disability as a result of the combination of the injuries as given by this doctor was 88 to 90 percent to the body as a whole and that claimant was totally industrially blind.

This argument is sustained by the record.

 The record discloses that while the first appeal in this case was pending that respondent herein, Luper Transportation Company, paid the award for 50 percent loss of the vision of claimant's right eye in accordance with the Commission's findings and award on account of the injury sustained by claimant on June 24, 1944. Thus we have the employer's acquiescence in the Commission's finding that the evidence was sufficient to sustain the award made against it in the cause, and upon appeal in Special Indemnity Fund v. Bramlett, supra, this Court found that the medical evidence amply sustained the finding of the Commission as to first (old injury to left eye resulting in complete loss of vision) and last injury (new injury to claimant's right eye resulting in 50 percent loss of vision) disabilities. We think that the mandate discloses what was required of the Commission when we remanded the cause to the State Industrial Commission for further proceedings in accordance with the views therein expressed. That was to take medical testimony to establish the degree of disability sustained by claimant as the result of his combined injuries, and the assessment of the entire amount of any award against the employer, Luper Trans-

portation Company, for its failure to carry workmen's compensation insurance, and its failure to qualify to assume its own risk. Any other proceedings are inconsistent with our expressed views in the opinion disposing of the first appeal.

 The Commission is not looked upon in contemplation of law as a group of changing personalities, but rather as a continuing quasi judicial body making findings of fact and orders fixing the benefits, rights and liabilities of the parties who, by law, come within its jurisdiction, and when it has once acted within its jurisdiction, it should not lightly disregard or change the former findings of the Commission, even though it has the authority to do so, and this is especially true when through the legal process of review its findings have been sustained by the highest court of the State and settlement has been made on such finding as in the case at bar.

 Luper Transportation Company first contends that this court, on the prior appeal, was without jurisdiction to vacate the award as against it because no notice of appeal was served upon it by claimant and that it was not a party to that appeal. Under the particular facts of that case and the issues raised by Special Indemnity Fund in its petition for review and the errors there assigned, when (as shown by the record in that case) the Clerk of this Court served notice of the filing of such petition upon counsel for Luper Transportation Company, which is the only notice of appeal required by the rules of this court, Luper Transportation Company thereby became a party to the appeal and this court had jurisdiction to vacate the award against it as well as against the Special Indemnity Fund.

 It is next contended by respondent that since claimant (petitioner) has accepted and received from his employer (Luper Transportation Company) the benefits of the prior award, the Commission at rehearing on remand was without power or jurisdiction to grant him a further hearing or to award him additional compensation for his injury, and especially objected to the power of the Commission to grant a

further hearing and award additional compensation. The Commission properly overruled this objection, and we have so held in Sanders v. Rock Island Coal Mining Company, 138 Okl. 45, 280 P. 290. The rule announced in this case was recently approved and cited with numerous cases from other jurisdictions in Smith v. Revere Copper & Brass, Inc., Md., 76 A.2d 147.

In the Sanders case, paragraph 2 of the syllabus, we said:

"The doctrine of estoppel by acceptance of benefits of an award of the State Industrial Commission is inapplicable so as to prevent a review of an award."

In the opinion it was said:

"The respondent contends that claimant is estopped in his right to review of the order of the commission because he has accepted the benefits thereof by accepting payment for the ten weeks allowed. We hold against that contention. It does not apply to the Workmen's Compensation Act. United States Fidelity & Casualty Co. v. Harrison, 125 Okl. 90, 256 P. 752:

" 'It is clear that the doctrine of res judicata and estoppel by receiving the payment, contended for by plaintiffs, is inapplicable. It is unnecessary to cite the holdings of this court to the effect that the rules of ordinary court procedure are inapplicable to hearings before the Industrial Commission.' See section 7325, C.O.S.1921 [85 O.S. 1951 § 84].

"Payment does not estop the commission in making further orders; surely payment should not estop a review by this court of an original order of award made by the Commission. Strong v. Sonken-Galamba I. & M. Co., 109 Kan. 117, 198 P. 182, 18 A.L.R. 415."

The acceptance of the award against the respondent, Luper Construction Company, for 50 percent permanent partial disability to claimant's right eye was not in "full satisfaction of his claim" but was merely an acceptance of the amount then determined by the Commission to be due him from respondent. It was not a waiver of claimant's rights against the Luper Transportation Company in the event that this Court should find (as it did) that because of the company's failure to carry proper insurance or qualify to assume its own risk, it would be responsible for the entire amount of the award, thus exonerating the Special Indemnity Fund. To give such payment the effect of a final settlement as between the employee and employer was not the intent of the Workmen's Compensation law.

Award vacated with directions for further consideration in accord with the views herein expressed.

CORN, ARNOLD, WILLIAMS and BLACKBIRD, JJ., concur.

HALLEY, C. J., and DAVISON and O'NEAL, JJ., dissent.