**LUPER TRANSPORTATION COMPANY,**
Petitioner,

v.

**A. F. BRAMLETT, Loraine Bramlett, and the State Industrial Commission,**
Respondents.

No. 36421.

Supreme Court of Oklahoma.

March 29, 1955.

Original proceeding brought by Luper Transportation Company, Petitioner, to review an award of the State Industrial Commission made to A. F. Bramlett, Claimant. Award sustained.

Kerr, Lambert, Conn & Roberts, Ada, Looney, Watts, Ross, Looney & Nichols, Oklahoma City, for petitioner.

Beatrice Bramlett, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

BLACKBIRD, Justice.

This is the third proceeding to review an award made to claimant for the same accidental injury sustained on June 24, 1944, when he suffered an injury to the

right eye. Special Indemnity Fund v. Bramlett, 201 Okl. 415, 206 P.2d 972; Bramlett v. Luper Transportation Co., Okl., 258 P.2d 895, 898. In Special Indemnity Fund v. Bramlett, supra, the case was remanded to the State Industrial Commission with directions to enter an award made against the employer because of failure to comply with the requirements of Tit. 85 O.S.1951 § 1 et seq., to furnish protection for employees in hazardous employments.

On August 20, 1953, following the mandate from the Supreme Court in the latter case received by the Commission July 24, 1953, the case was revived in the name of the widow of the original claimant, A. F. Bramlett. The State Industrial Commission did not take any further testimony on the extent of disability but entered an award finding that by reason of the previous loss of the left eye and the injury to the right eye on June 24, 1944, claimant sustained a disability to the body as a whole of 75 per cent. This proceeding is brought to review the award.

■ It is first argued that the Court directed the taking of further testimony and since none was taken there is no evidence to support the award. In Bramlett v. Luper Transportation Co., supra, we said:

"The Commission is not looked upon in contemplation of law as a group of changing personalities, but rather as a continuing quasi judicial body making findings of fact and orders fixing the benefits, rights and liabilities of the parties who, by law, come within its jurisdiction, and when it has once acted within its jurisdiction, it should not lightly disregard or change the former findings of the Commission, even though it has the authority to do so, and this is especially true when through the legal process of review its findings have been sustained by the highest court of the State and settlement has been made on such finding as in the case at bar."

Since the State Industrial Commission had the right to consider all of the evidence that was taken in the former proceeding there is competent evidence to support the finding as to the degree of disability caused by the combination of the eye injuries.

It is also argued that the evidence is insufficient to support the finding that by reason of a combination of the injuries there is a disability materially greater in degree than that caused by the latter injury alone. In Bramlett v. Luper Transportation Co., supra, in remanding the cause for further hearing we stated:

"Claimant argues that the compensation awarded by the Commission is inadequate under the medical testimony submitted both in the beginning of the case (prior to the first appeal to this Court) and that introduced after the case was remanded to the Commission which is borne out by the testimony of competent practicing physicians, two of whom examined petitioner in 1944 and 1945; that * * * (the reports of two doctors) filed in the cause with the Commission showed a disability of from 90 percent to 95 percent as a result of the combined injuries to both eyes, and both state that claimant is totally industrially blind; that * * * (one doctor) testified that only when claimant cocked his head to the left could he get the visional part of the right eye in a position to see; that this testimony was undisputed; that the percentage of disability as a result of the combination of the injuries as given by this doctor was 88 to 90 percent to the body as a whole and that claimant was totally industrially blind.

"This argument is sustained by the record."

■■ We approve the language in the above statement and agree that the evidence is sufficient to sustain the finding and order of the State Industrial Commission that as a result of the combination of the two eye injuries there is a disability materially greater in degree than that caused by the latter injury alone.

■ Finally, it is argued that the State Industrial Commission erred in assessing all of the 75 per cent disability to the body as a whole against petitioner. In

this connection it is stated that it was the duty of the State Industrial Commission in computing the award to subtract from the overall disability the disability caused by the injury to the left eye in childhood. As pointed out in Special Indemnity Fund v. Bramlett, supra, this award is properly computed under the amendment passed in 1943. See Tit. 85 O.S.1943 Supp. § 172. The State Industrial Commission committed no error in assessing the entire amount against petitioner.

Award sustained.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, HALLEY and JACKSON, JJ., concur.