W. H. KING and Northeastern Real Estate Company, Petitioners,

v.

W. H. CRAIG and State Industrial Court, Respondents.

No. 41247.

Supreme Court of Oklahoma.

July 5, 1966.

**958** ■

———◇———

E. Melvin Porter, Oklahoma City, for petitioners.

Robert N. Woodard, Charles R. Nesbitt, Atty. Gen., Oklahoma City, for respondents.

LAVENDER, Justice:

This is an original proceeding to review an award of the State Industrial Court in favor of the claimant therein, Bill Craig, also known as W. H. Craig, who is respondent herein.

The trial judge's order, sustained by the court en banc, awarded the respondent ten per cent permanent partial disability to his body resulting from an accidental personal injury arising out of and in the course of his hazardous employment by W. H. King and Northeastern Real Estate, in Oklahoma City, Oklahoma, February 29, 1964.

It is the contention of the petitioner that the order of the Industrial Court finding that the respondent Bill Craig sustained an accidental personal injury to his head, neck and back and right knee, and awarding him compensation for ten per cent disability to the body as a whole is not supported by sufficient evidence; that the award to the respondent Bill Craig is in conflict with the evidence, and that the accident and resulting injuries did not arise out of or in the course of his employment by petitioner.

The claimant respondent testified that on Saturday, February 29, 1964, and during the next preceding three days, he was employed by petitioner at 1722 East Madison in Oklahoma City, Oklahoma, as a carpenter, and on said date at about 9:30 A.M. he sustained an accidental personal injury in consequence of stepping on a loose board which caused him to fall some fourteen feet onto a concrete floor injuring his back, right leg and head.

Claimant respondent further testified that he was furnished medical treatment by Dr. W; that he was taken by the petitioner to Drs. D and L for x-rays; that Dr. W thereafter advised claimant respondent that he was no longer authorized by petitioner to treat him, except as a private patient; that he thereupon sought further medical treatment from the petitioner and received the authorization of the petitioner to consult Dr. Mc who undertook treatment of claimant respondent.

The petitioner testified that the claimant had been in his employ on a temporary basis on two occasions; that his purpose was "because he was trying him out to see if he could fit into the organization"; that the claimant respondent had not been directed to report for work on the date of his injury; that none of petitioner's other employees reported for work at the building site on the day of the alleged injury to claimant respondent; that petitioner learned from other employees on the job that the claimant respondent had been injured and on the Wednesday following the day of injury went to the home of claimant respondent and took him to the office of his family doctor, Dr. W, for treatment, and on that occasion paid to the claimant respondent five dollars, "not for that Saturday, just out of the kindness of my heart." Petitioner denies having authorized treatment of claimant respondent by Dr. Mc.

Claimant respondent submitted the testimony of Dr. Mc by letter report. Petitioner submitted the testimony of Dr. F by letter report. These letter reports were admitted in evidence by stipulation in the record.

The testimony of Dr. Mc was to the effect that the claimant respondent was totally disabled to do ordinary manual labor as a result of injuries sustained in the accident from February 29, 1964 to March 13, 1964, and that said respondent further sustained ten per cent permanent partial disability to the head, ten per cent permanent partial disability to the cervical (sic) and ten per cent permanent partial disability to the upper back or thirty per cent permanent partial disability to the body as a whole.

The testimony of Dr. F was to the effect that the claimant respondent should make a full and uneventful recovery with no permanent disability.

According to the Brief of Plaintiff in Error, Page 1: "The sole question presented in this appeal is whether or not there is any competent evidence to sustain the Industrial Court's findings and whether or not the facts justify the findings."

Under the facts of this case as revealed by the record, we are of the opinion that there was evidence adduced before the trial court reasonably tending to support that court's findings that claimant sustained an injury which arose out of and in the course of his employment. We are of the further opinion that the evidence before the trial court reasonably established the cause and extent of the claimant's disability, and that the award of the trial court is supported by evidence. See Nebo Oil Co. v. Wright, Okl., 406 P.2d 266; Mullins v. Tanksleary, Okl., 376 P.2d 590, and Dale v. Mike Campbell Construction Company, Okl., 335 P.2d 643, 644 and 645.

The respondent relies on the case of Special Indemnity Fund v. Bramlett, 201 Okl. 415, 206 P.2d 972. Upon a careful reading of this case and a comparison of it with the facts in the case at bar, we do not believe such case is controlling here for the reason that in the report of Dr. Mc appearing in the record before us it was his opinion that claimant sustained 10% permanent partial disability to the head, 10% to the cervical and 10% to the upper back or "30% permanent partial disability to the body as a whole." The disability for which compensation was allowed in this cause was found by the Industrial Court to have resulted from a single accident occurring on a specific date whereas the disability in the cited case resulted from multiple accidents with a combining of injuries.

The award of the State Industrial Court is sustained.